**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

Northern District of California

Case number (*If known*): _____

Chapter you are filing under:
- ☐ Chapter 7
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   02/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1. **Debtor's name** | Hansaben Investments, LLC, a California Limited Liability Company |

| | |
|---|---|
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | La Quinta Inn & Suites<br>Quality Inn |

| | |
|---|---|
| 3. **Debtor's federal Employer Identification Number** (EIN) | 46-4734847 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 458 33rd Avenue | |
| Number     Street | Number     Street |
| | |
| | P.O. Box |
| San Francisco     CA     94121 | |
| City          State     ZIP Code | City          State     ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| San Francisco County | 316 Pittman Road |
| County | Number     Street |
| | Fairfield     CA     94534 |
| | City          State     ZIP Code |

| | |
|---|---|
| 5. **Debtor's website** (URL) | _____ |

| | |
|---|---|
| 6. **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding  LLP)<br>☐ Other. Specify: _____ |

Case: 22-30258   Doc# 1   Filed: 05/25/22   Entered: 05/25/22 10:43:11   Page 1 of 81

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/ .

7011

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes. District _____ When _____ Case number _____
                                      MM / DD / YYYY

        District _____ When _____ Case number _____
                                        MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☑ No

☐ Yes. Debtor _____ Relationship _____

        District _____ When _____
                                      MM / DD / YYYY

        Case number, if known _____

| 11. Why is the case filed in *this district*? | Check all that apply: |
|---|---|
| | ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                         Number        Street

_____

_____
City                                   State        ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☑ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☑ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

Case: 22-30258    Doc# 1    Filed: 05/25/22    Entered: 05/25/22 10:43:11    Page 3 of 81

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☑ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05/25/2022
              MM  / DD  / YYYY

✘ /s/ Hitesh Patel
Signature of authorized representative of debtor

Hitesh Patel
Printed name

Title  Manager of Hansaben Investments LLC

**18. Signature of attorney**

✘ /s/ Thomas Willoughby
Signature of attorney for debtor

Date   05/25/2022
       MM  / DD  / YYYY

Thomas Willoughby
Printed name

Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP
Firm name

500 Capitol Mall #2250
Number      Street

Sacramento
City

CA
State

95814
ZIP Code

916-329-7400
Contact phone

twilloughby@ffwplaw.com
Email address

137597
Bar number

CA
State

**WRITTEN CONSENT**
**OF THE MANAGER OF**
**HANSABEN INVESTMENT, LLC**
**a California Limited Liability Company**

**May 23, 2022**

The undersigned, as the Manager of Hansaben Investments, LLC, a California limited liability company (the "**Company**"), acting by the authority designated by the Company's Operating Agreement, a true and correct copy of which is attached as Exhibit 1, does hereby consent to the adoption of the following resolutions and agrees that such resolutions shall have the same force and effect as if they were approved and adopted by all the members of the Company.

**WHEREAS**, the Manager has reviewed the historical performance of the Company, the market for the Company's services and the current and long-term liabilities of the Company as of the date hereof;

**WHEREAS**, the Manager has been monitoring the performance of the Company and exploring various alternatives for the Company in connection with its relationship with its creditors;

**WHEREAS**, the Manager has determined that it is advisable and in the best interests of the Company, its creditors, its owners/members, and other interested parties that a voluntary petition (the "**Bankruptcy Case**") be filed by the Company under the provisions of Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, the Manager has determined that it is advisable and in the best interests of the Company, its creditors, its owners/members and other interested parties that the Company file all petitions, motions, declarations, schedules, lists, and other papers or documents necessary or proper to obtain relief under the Bankruptcy Case (the "**Bankruptcy Petitions**"); and

**WHEREAS**, the Manager has determined that it is advisable and in the best interests of the Company, its creditors, its owners/members and other interested parties that the Company take any and all actions necessary or proper to obtain relief under the Bankruptcy Case, including retaining any and all assistance by legal counsel, financial advisers, accountants and/or other professionals and to take any and all action necessary and proper in connection with the Bankruptcy Case, with a view to the successful prosecution of such case (collectively, the **Bankruptcy Actions**");

**NOW, THEREFORE, BE IT RESOLVED**, that (i) the filing, execution, negotiation, delivery and performance of the Bankruptcy Petitions and the Bankruptcy Actions on behalf of the Company be, and hereby is, approved, confirmed and ratified, and (ii) the Manager and anyone acting under the authority of the Manager (the "**Authorized Representatives**") be, and each of them acting alone hereby is, authorized, empowered and directed, in the name of and on behalf of the Company, to execute, deliver and perform the Bankruptcy Petitions, the Bankruptcy Actions and such other ancillary agreements, documents and certificates as the Authorized Officer executing the same determines is necessary or appropriate;

1

**RESOLVED FURTHER**, that all acts lawfully done, or actions lawfully taken by the Authorized Representatives of the Company to seek relief under the Bankruptcy Code or in connection with the Bankruptcy Case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company.

**RESOLVED FURTHER**, that the Authorized Representatives of the Company are authorized and directed to engage legal counsel, financial advisers, accountants and/or other professionals, execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case and to cause to be filed an appropriate application for authority to retain the services of legal counsel, financial advisers, accountants and/or other professionals to the Company in furtherance of the Company's objectives pursuant to the Bankruptcy Case.

**GENERAL AUTHORIZATION**

**RESOLVED FURTHER**, that the Authorized Representatives, and any Authorized Representative acting alone, be, and each of them acting alone hereby is, authorized, empowered and directed, in the name of and on behalf of the Company, to execute and deliver any and all other agreements, certificates, deeds, instruments, petitions, motions, declarations or other documents required to be filed or entered into or contemplated by the foregoing resolutions, including any certificates, and to do or cause to be done any and all further acts and things which any such Authorized Representative(s) may deem necessary, advisable or appropriate in connection with the execution, delivery and performance of the Bankruptcy Petitions and the Bankruptcy Actions;

**RESOLVED FURTHER**, that the consummation of the actions contemplated by the foregoing resolutions and the execution and delivery by the Authorized Representative, and any Authorized Representative acting alone, of any document, agreement, certificate or instrument and the doing by such Authorized Representative(s) of any act in connection with the foregoing shall conclusively establish his or her authority to do so on behalf of the Company;

**RESOLVED FURTHER**, that any and all actions heretofore taken by the Authorized Representatives, and any Authorized Representative acting alone, in connection with the matters contemplated by the foregoing resolutions be, and they hereby are, approved, ratified and confirmed in all respects as fully as if such actions had been presented for approval prior to such actions being taken; and

**RESOLVED FURTHER**, that this consent may be executed in one or more counterparts, and each counterpart shall be deemed an original together constituting one instrument.

**IN WITNESS WHEREOF**, the undersigned, being Manager of the Company, has executed this document on and as of the date first set forth above.

*Hitesh Patel*
Hitesh Patel

2

Exhibit 1

## OPERATING AGREEMENT for HANSABEN INVESTMENTS, LLC

This Operating Agreement is entered into as of February 10, 2014, by Hitesh Patel, as Managing Member, and Bhavesh Patel and Reena Patel (referred to individually as a Member).

**A.      The Members desire to form a limited liability company (Company) under the Beverly-Killea Limited Liability Company Act.  The members are in agreement that the LLC will be formed to operate hotel at** 316 Pittman Road, Fairfield, CA, US, 94534
  This LLC, **Hansaben Investments, LLC**, will then be the owner of the property.

B.The Members enter into this Operating Agreement in order to form and provide for the governance of the Company and the conduct of its business and to specify their relative rights and obligations.

NOW THEREFORE, the Members hereby agree as follows:

ARTICLE I: DEFINITIONS

The following capitalized terms used in this Agreement have the meanings specified in this Article or elsewhere in this Agreement and when not so defined shall have the meanings set forth in California Corporations Code section 17001.

1.1.  "Act" means the Beverly-Killea Limited Liability Company Act (California Corporations Code sections 17000-17705), including amendments from time to time.

1.2.  "Agreement" means this operating agreement, as originally executed and as amended from time to time.

1.3.  "Articles of Organization" is defined in California Corporations Code section 17001(b), as applied to this Company.

1.4.  "Assignee" means a person who has acquired a Member's Economic Interest in the Company, by way of a Transfer in accordance with the terms of this Agreement, but who has not become a Member.

1.5.  "Assigning Member" means a Member who by means of a Transfer has transferred an Economic Interest in the Company to an Assignee.

1.6.  "Capital Account" means, as to any Member, a separate account maintained and adjusted in accordance with Article III, Section 3.3.

1.7.  "Capital Contribution" means, with respect to any Member, the amount of the money and the Fair Market Value of any property (other than money) contributed to the Company (net of liabilities secured by such contributed property that the Company is considered to assume or take "subject to" under IRC section 752) in consideration of a Percentage Interest held by such

Member. A Capital Contribution shall not be deemed a loan.

1.8.     "Capital Event" means a sale or disposition of any of the Company's capital assets, the receipt of insurance and other proceeds derived from the involuntary conversion of Company property, the receipt of proceeds from a refinancing of Company property, or a similar event with respect to Company property or assets.

1.9.     "Code" or "IRC" means the Internal Revenue Code of 1986, as amended, and any successor provision.

1.10.     "Company" means the company named in Article II, Section 2.2.

1.11.     "Economic Interest" means a Person's right to share in the income, gains, losses, deductions, credit or similar items of, and to receive distributions from, the Company, but does not include any other rights of a Member, including the right to vote or to participate in management.

1.12.     "Encumber" means the act of creating or purporting to create an Encumbrance, whether or not perfected under applicable law.

1.13.     "Encumbrance" means, with respect to any Membership Interest, or any element thereof, a mortgage, pledge, security interest, lien, proxy coupled with an interest (other than as contemplated in this Agreement), option, or preferential right to purchase.

1.14.     "Gross Asset Value" means, with respect to any item of property of the Company, the item's adjusted basis for federal income tax purposes, except as follows:

(a) The Gross Asset Value of any item of property contributed by a Member to the Company shall be the fair market value of such property, as mutually agreed by the contributing Member and the Company; and

(b) The Gross Asset Value of any item of Company property distributed to any Member shall be the fair market value of such item of property on the date of distribution, as mutually agreed by the distributee Member and the Company.

1.15.     "Initial Member" or "Initial Members" means those Persons whose names are set forth in the first sentence of this Agreement. A reference to an "Initial Member" means any of the Initial Members.

1.16.     "Involuntary Transfer" means, with respect to any Membership Interest, or any element thereof, any Transfer or Encumbrance, whether by operation of law, pursuant to court order, foreclosure of a security interest, execution of a judgment or other legal process, or otherwise, including a purported transfer to or from a trustee in bankruptcy, receiver, or assignee for the benefit of creditors.

Case: 22-30258   Doc# 1   Filed: 05/25/22   Entered: 05/25/22 10:43:11   Page 8 of 81

1.17.     "Losses." See "Profits and Losses."

1.18.     "Majority of Members" means a Member or Members whose Percentage Interests represent more than 50 percent of the Percentage Interests of all the Members.

1.19.     "Meeting" is defined in Article V, Section 5.2.

1.20.     "Member" means an Initial Member or a Person who otherwise acquires a Membership Interest, as permitted under this Agreement, and who remains a Member.

1.21.     "Notice" means a written notice required or permitted under this Agreement. A notice shall be deemed given or sent when deposited, as certified mail or for overnight delivery, postage and fees prepaid, in the United States mails; when delivered to Federal Express, United Parcel Service, DHL WorldWide Express, or Airborne Express, for overnight delivery, charges prepaid or charged to the sender's account; when personally delivered to the recipient; when transmitted by electronic means, and such transmission is electronically confirmed as having been successfully transmitted; or when delivered to the home or office of a recipient in the care of a person whom the sender has reason to believe will promptly communicate the notice to the recipient.

1.22.     "Percentage Interest" means a fraction, expressed as a percentage, the numerator of which is the total of a Member's Capital Account and the denominator of which is the total of all Capital Accounts of all Members.

1.23.     "Person" means an individual, partnership, limited partnership, trust, estate, association, corporation, limited liability company, or other entity, whether domestic or foreign.

1.24.     "Profits and Losses" means, for each fiscal year or other period specified in this Agreement, an amount equal to the Company's taxable income or loss for such year or period, determined in accordance with IRC section 703(a).

1.25.     "Proxy" has the meaning set forth in the first paragraph of California Corporations code section 17001(ai). A Proxy may not be transmitted orally.

1.26.     "Regulations" ("Reg") means the income tax regulations promulgated by the United States Department of the Treasury and published in the Federal Register for the purpose of interpreting and applying the provisions of the Code, as such Regulations may be amended from time to time, including corresponding provisions of applicable successor regulations.

1.27.     "Substituted Member" is defined in Article VIII, Section 8.8.

1.28.     "Successor in Interest" means an Assignee, a successor of a Person by merger or otherwise by operation of law, or a transferee of all or substantially all of the business or assets of a Person.

3

1.29.     "Transfer" means, with respect to a Membership Interest, or any element of a Membership Interest, any sale, assignment, gift, Involuntary Transfer, or other disposition of a Membership Interest or any element of such a Membership Interest, directly or indirectly, other than an Encumbrance that is expressly permitted under this Agreement.1.30.     "Triggering Event" is defined in Article VIII, Section 8.3.

1.31.     "Vote" means a written consent or approval, a ballot cast at a Meeting, or a voice vote.

1.32.     "Voting Interest" means, with respect to a Member, the right to Vote or participate in management and any right to information concerning the business and affairs of the Company provided under the Act, except as limited by the provisions of this Agreement. A Member's Voting Interest shall be directly proportional to that Member's Percentage Interest.

## ARTICLE II: ARTICLES OF ORGANIZATION

2.1. Promptly following execution of this Agreement, the Members shall cause Articles of Organization, in the form attached to this Agreement as Exhibit A, to be filed with the California Secretary of State.

2.2. The name of the Company shall be Hansaben Investments, LLC.

2.3. The principal executive office of the Company shall be at 458 33rd Avenue, San Francisco, CA 94121, or such other place or places as may be determined by the Members from time to time.

2.4. The initial agent for service of process on the Company shall be Michael Heath at 3251 Steiner Street, San Francisco, California 94123. A Majority of Members may from time to time change the Company's agent for service of process.

2.5. The LLC may engage in any lawful business permitted by the act or the jurisdiction in which the LLC may do business.  The LLC shall have the authority to do all things necessary or convenient to accomplish its purposes and operate its business.

2.6. The term of existence of the Company shall commence on the effective date of filing of Articles of Organization with the California Secretary of State and is intended to be effiective into perpetuity and shall continue until terminated by the provisions of this Agreement or as provided by law.

2.7     Hitesh Patel shall be the manager of the company and the authorized signors on any and all bank accounts opened by the Limited Liability Company.

2.8     A failure to observe the formalities or requirements of this agreement, the Articles, of the Act shall not be grounds for imposing personal liability on the Members or

Managers for any and all liabilities of the LLC.

2.9      The LLC shall be governed exclusively by its terms and California law.

2.10   All LLC property shall be owned by the LLC as an entity and no member shall have any ownership interest in such property in the Member's individual name or right, and each Member's interest in the LLC shall be personal property for all purposes. Except as otherwise provided in the agreement, the LLC shall own all LLC property in the name of the LLC and not in the name or names of any Member or Members.

## ARTICLE III: CAPITALIZATION

3.1.  Each Member shall contribute to the capital of the Company as the Member's Capital Contribution the money and property specified in Exhibit A to this Agreement. The Fair Market Value of each item of contributed property as agreed between the Company and the Member contributing such property is set forth in Exhibit B. Unless otherwise agreed in writing by all Members, no Member shall be required to make additional Capital Contributions.

3.2.  If a Member fails to make a required Capital Contribution within 30 days after the effective date of this Agreement, that Member's entire Membership Interest shall terminate and that Member shall indemnify and hold the Company and the other Members harmless from any loss, cost, or expense, including reasonable attorney fees caused by the failure to make such Capital Contribution.

3.3.  An individual Capital Account shall be maintained for each Member consisting of that Member's Capital Contribution, (1) increased by that Member's share of Profits, (2) decreased by that Member's share of Losses, and (3) adjusted as required in accordance with applicable provisions of the Code and Regulations.

3.4.  A Member shall not be entitled to withdraw any part of the Member's Capital Contribution or to receive any distributions, whether of money or property from the Company except as provided in this Agreement.

3.5.  No interest shall be paid on funds or property contributed to the capital of the Company or on the balance of a Member's Capital Account.

3.6.  A Member shall not be bound by, or be personally liable for, the expenses, liabilities, or obligations of the Company except as otherwise provided in the Act or in this Agreement.

3.7.  No Member shall have priority over any other Member, with respect to the return of a Capital Contribution, or distributions or allocations of income, gain, losses, deductions, credits, or items thereof.

## ARTICLE IV: ALLOCATIONS AND DISTRIBUTIONS

Case: 22-30258    Doc# 1    Filed: 05/25/22    Entered: 05/25/22 10:43:11    Page 11 of 81

4.1. The Profits and Losses of the Company and all items of Company income, gain, loss, deduction, or credit shall be allocated, for Company book purposes and for tax purposes, to a Member in accordance with the Member's Percentage Interest.

4.2. If any Member unexpectedly receives any adjustment, allocation, or distribution described in Reg sections 1.704- 1(b)(2)(ii)(d)(4), 1.704-1(b)(2)(ii)(d)(5), or 1.704-1(b)(2)(ii)(d)(6), items of Company gross income and gain shall be specially allocated to that Member in an amount and manner sufficient to eliminate any deficit balance in the Member's Capital Account created by such adjustment, allocation, or distribution as quickly as possible. Any special allocation under this Section 4.2 shall be taken into account in computing subsequent allocations of Profits and Losses so that the net amount of allocations of income and loss and all other items shall, to the extent possible, be equal to the net amount that would have been allocated if the unexpected adjustment, allocation, or distribution had not occurred. The provisions of this Section 4.2 and the other provisions of this Agreement relating to the maintenance of Capital Accounts are intended to comply with Reg sections 1.704-1(b) and 1.704-2 and shall be interpreted and applied in a manner consistent with such Regulations.

4.3. Any unrealized appreciation or unrealized depreciation in the values of Company property distributed in kind to all the Members shall be deemed to be Profits or Losses realized by the Company immediately prior to the distribution of the property and such Profits or Losses shall be allocated to the Members' Capital Accounts in the same proportions as Profits are allocated under Section 4.1. Any property so distributed shall be treated as a distribution to the Members to the extent of the Fair Market Value of the property less the amount of any liability secured by and related to the property. Nothing contained in this Agreement is intended to treat or cause such distributions to be treated as sales for value. For the purposes of this Section 4.3, "unrealized appreciation" or "unrealized depreciation" shall mean the difference between the Fair Market Value of such property and the Company's basis for such property.

4.4. In the case of a Transfer of an Economic Interest during any fiscal year, the Assigning Member and Assignee shall each be allocated the Economic Interest's share of Profits or Losses based on the number of days each held the Economic Interest during that fiscal year.

4.5. All cash resulting from the normal business operations of the Company and from a Capital Event shall be distributed among the Members in proportion to their Percentage Interests at such times as the Members may agree.

4.6. If the proceeds from a sale or other disposition of a Company asset consist of property other than cash, the value of such property shall be as determined by the Members. Such non-cash proceeds shall then be allocated among all the Members in proportion to their Percentage Interests. If such non-cash proceeds are subsequently reduced to cash, such cash shall be distributed to each Member in accordance with Section 4.5.

4.7. Notwithstanding any other provisions of this Agreement to the contrary, when there is a distribution in liquidation of the Company, or when any Member's interest is liquidated, all items

Case: 22-30258   Doc# 1   Filed: 05/25/22   Entered: 05/25/22 10:43:11   Page 12 of 81

of income and loss first shall be allocated to the Members' Capital Accounts under this Article IV, and other credits and deductions to the Members' Capital Accounts shall be made before the final distribution is made. The final distribution to the Members shall be made to the Members to the extent of and in proportion to their positive Capital Account balances.

## ARTICLE V: MANAGEMENT

5.1. Hitesh Patel shall manage the business of the Company. The managers shall have all power and authority necessary to run the Company. The members agree that the managers' power shall include the power to borrow money, the power to buy and sell real property, the power to make loans and the power to buy and sell company property.

5.2. The Members are not required to hold meetings, and decisions may be reached through one or more informal consultations followed by agreement among a Majority of Members, provided that all Members are consulted (although all Members need not be present during a particular consultation), or by a written consent signed by a Majority of Members. In the event that Members wish to hold a formal meeting (a "Meeting") for any reason, the following procedures shall apply:

(1) Any two Members may call a Meeting of the Members by giving Notice of the time and place of the Meeting at least 48 hours prior to the time of the holding of the Meeting. The Notice need not specify the purpose of the Meeting, or the location if the Meeting is to be held at the principal executive office of the Company.

(2) A majority of Members shall constitute a quorum for the transaction of business at any Meeting of the Members.

(3) The transactions of the Members at any Meeting, however called or noticed, or wherever held, shall be as valid as though transacted at a Meeting duly held after call and notice if a quorum is present and if, either before or after the Meeting, each Member not present signs a written waiver of Notice, a consent to the holding of the Meeting, or an approval of the minutes of the Meeting.

(4) Any action required or permitted to be taken by the Members under this Agreement may be taken without a Meeting if a Majority of the Members individually or collectively consent in writing to such action.

(5) Members may participate in the Meeting through the use of a conference telephone or similar communications equipment, provided that all Members participating in the Meeting can hear one another.

(6) The Members shall keep or cause to be kept with the books and records of the Company full and accurate minutes of all Meetings, Notices, and waivers of Notices of Meetings, and all written consents in lieu of Meetings.

7

5.3.  The Members, as such, shall not be entitled to compensation for their services.

5.4.  The Company may have a President, who may, but need not be a Member. A Majority of the Members may provide for additional officers of the Company and for their election, and may alter the powers, duties, and compensation of the President and of all other officers. The President, if there is one, shall attend any Meetings of Members called pursuant to Section 5.2(1)-(6).

5.5.  All assets of the Company, whether real or personal, shall be held in the name of the Company.

5.6.  All funds of the Company shall be deposited in one or more accounts with one or more recognized financial institutions in the name of the Company, at such locations as shall be determined by a Majority of Members. Withdrawal from such accounts shall require the signature of such person or persons as a Majority of Members may designate.

## ARTICLE VI: ACCOUNTS AND RECORDS

6.1.  Complete books of account of the Company's business, in which each Company transaction shall be fully and accurately entered, shall be kept at the Company's principal executive office and shall be open to inspection and copying by each Member or the Member's authorized representatives on reasonable Notice during normal business hours. The costs of such inspection and copying shall be borne by the Member.

6.2.  Financial books and records of the Company shall be kept on the cash method of accounting, which shall be the method of accounting followed by the Company for federal income tax purposes. A balance sheet and income statement of the Company shall be prepared promptly following the close of each fiscal year in a manner appropriate to and adequate for the Company's business and for carrying out the provisions of this Agreement. The fiscal year of the Company shall be January 1 through December 31.

6.3.  At all times during the term of existence of the Company, and beyond that term if a Majority of the Members deem it necessary, the Members shall keep or cause to be kept the books of account referred to in Section 6.2, and the following:

(a)  A current list of the full name and last known business or residence address of each Member, together with the Capital Contribution and the share in Profits and Losses of each Member;

(b)  A copy of the Articles of Organization, as amended;

(c)  Copies of the Company's federal, state, and local income tax or information returns and reports, if any, for the six most recent taxable years;

(d)  Executed counterparts of this Agreement, as amended;

8

(e) Any powers of attorney under which the Articles of Organization or any amendments thereto were executed;

(f) Financial statements of the Company for the six most recent fiscal years; and

(g) The Books and Records of the Company as they relate to the Company's internal affairs for the current and past four fiscal years.

If a Majority of Members deem that any of the foregoing items shall be kept beyond the term of existence of the Company, the repository of said items shall be as designated by a Majority of Members.

6.4. Within 90 days after the end of each taxable year of the Company the Company shall send to each of the Members all information necessary for the Members to complete their federal and state income tax or information returns, and a copy of the Company's federal, state, and local income tax or information returns for such year.

## ARTICLE VII: MEMBERS AND VOTING

7.1. There shall be only one class of membership and no Member shall have any rights or preferences in addition to or different from those possessed by any other Member. Each Member shall Vote in proportion to the Member's Percentage Interest as of the governing record date, determined in accordance with Section 7.2. Any action that may or that must be taken by the Members shall be by a Majority of Members, except that the following actions shall all require the unanimous Vote of the Members:

(a) the transfer of a Membership Interest and the admission of the Assignee as a Member of the Company;

(b) any amendment of the Articles of Organization or this Agreement; or

(c) compromise of the obligation of a Member to make a Capital Contribution.

7.2. The record date for determining the Members entitled to Notice of any Meeting, to vote, to receive any distribution, or to exercise any right in respect of any other lawful action, shall be the date set by a Majority of Members, provided that such record date shall not be more than 60, nor less than 10 days prior to the date of the Meeting, nor more than 60 days prior to any other action.

In the absence of any action setting a record date the record date shall be determined in accordance with California Corporations Code section 17104(k).

7.3. At all Meetings of Members, a Member may Vote in person or by Proxy. Such proxy shall be filed with any Member before or at the time of the Meeting, and may be filed by

9

facsimile transmission to a Member at the principal executive office of the Company or such other address as may be given by a Majority of Members to the Members for such purposes.

## ARTICLE VIII: TRANSFERS OF MEMBERSHIP INTERESTS

8.1. A Member may withdraw from the Company at any time by giving Notice of Withdrawal to all other Members at least 180 calendar days before the effective date of withdrawal. Withdrawal shall not release a Member from any obligations and liabilities under this Agreement accrued or incurred before the effective date of withdrawal. A withdrawing Member shall divest the Member's entire Membership Interest before the effective date of withdrawal in accordance with the transfer restrictions and option rights set forth below.

8.2. Except as expressly provided in this Agreement, a Member shall not Transfer any part of the Member's Membership Interest in the Company, whether now owned or hereafter acquired, unless (1) the other Members unanimously approve the transferee's admission to the Company as a Member upon such Transfer and (2) the Membership Interest to be transferred, when added to the total of all other Membership Interests transferred in the preceding 12 months, will not cause the termination of the Company under the Code. No Member may Encumber or permit or suffer any Encumbrance of all or any part of the Member's Membership Interest in the Company unless such Encumbrance has been approved in writing by all the other Members. Any Transfer or Encumbrance of a Membership Interest without such approval shall be void. Notwithstanding any other provision of this Agreement to the contrary, a Member who is a natural person may transfer all or any portion of his or her Membership Interest to any revocable trust created for the benefit of the Member, or any combination between or among the Member, the Member's spouse, and the Member's issue; provided that the Member retains a beneficial interest in the trust and all of the Voting Interest included in such Membership Interest. A transfer of a Member's entire beneficial interest in such trust or failure to retain such Voting Interest shall be deemed a Transfer of a Membership Interest.

8.3. On the happening of any of the following events (Triggering Events) with respect to a Member, the Company and the other Members shall have the option to purchase all or any portion of the Membership Interest in the Company of such Member (Selling Member) at the price and on the terms provided in Section 8.7 of this Agreement:

(a) the death or incapacity of a Member;

(b) the bankruptcy of a Member;

(c) the winding up and dissolution of a corporate Member, or merger or other corporate reorganization of a corporate Member as a result of which the corporate Member does not survive as an entity;

(d) the withdrawal of a Member; or

(e) except for the events stated in Section 8.4, the occurrence of any other event that is, or that

Case: 22-30258   Doc# 1   Filed: 05/25/22   Entered: 05/25/22 10:43:11   Page 16 of 81

would cause, a Transfer in contravention of this Agreement.

Each Member agrees to promptly give Notice of a Triggering Event to all other Members.

8.4. Notwithstanding any other provisions of this Agreement:

(a) If, in connection with the divorce or dissolution of the marriage of a Member, any court issues a decree or order that transfers, confirms, or awards a Membership Interest, or any portion thereof, to that Member's spouse (an Award), then, notwithstanding that such transfer would constitute an unpermitted Transfer under this Agreement, that Member shall have the right to purchase from his or her former spouse the Membership Interest, or portion thereof, that was so transferred, and such former spouse shall sell the Membership Interest or portion thereof to that Member at the price set forth in Section 8.7 of this Agreement. If the Member has failed to consummate the purchase within 180 days after the Award (the Expiration Date), the Company and the other Members shall have the option to purchase from the former spouse the Membership Interest or portion thereof pursuant to Section 8.5 of this Agreement; provided that the option period shall commence on the later of (1) the day following the Expiration Date, or (2) the date of actual notice of the Award.

(b) If, by reason of the death of a spouse of a Member, any portion of a Membership Interest is transferred to a Transferee other than (1) that Member or (2) a trust created for the benefit of that Member (or for the benefit of that Member and any combination between or among the Member and the Member's issue) in which the Member is the sole Trustee and the Member, as Trustee or individually possesses all of the Voting Interest included in that Membership Interest, then the Member shall have the right to purchase the Membership Interest or portion thereof from the estate or other successor of his or her deceased spouse or Transferee of such deceased spouse, and the estate, successor, or Transferee shall sell the Membership Interest or portion thereof at the price set forth in Section 8.7 of this Agreement. If the Member has failed to consummate the purchase within 180 days after the date of death (the Expiration Date), the Company and the other Members shall have the option to purchase from the estate or other successor of the deceased spouse the Membership Interest or portion thereof pursuant to Section 8.5 of this Agreement; provided that the option period shall commence on the later of (1) the day following the Expiration Date, or (2) the date of actual notice of the death.

8.5. On the receipt of Notice by the other Members as contemplated by Section 8.1, and on receipt of actual notice of any Triggering Event (the date of such receipt is hereinafter referred to as the "Option Date"), the Manager(s) shall promptly give notice of the occurrence of such a Triggering Event to each member, and the Company shall have the option, for a period ending 30 calendar days following the determination of the purchase price as provided in Section 8.7, to purchase the Membership Interest in the Company to which the interest relates, at the price and on the terms provided in Section 8.7, and the other Members, pro rata in accordance with their prior Membership Interests in the Company, shall then have the option, for a period of 30 days thereafter, to purchase the Membership Interest in the Company not purchased by the Company, on the same terms and conditions as apply to the Company. If all other Members do not elect to purchase the entire remaining Membership Interest in the Company, then the Members electing

to purchase shall have the right, pro rata in accordance with their prior Membership Interest in the Company, to purchase the additional Membership Interest in the Company available for purchase. The transferee of the Membership Interest in the Company that is not purchased shall hold such Membership Interest in the Company subject to all of the provisions of this Agreement.

8.6.  No Member shall participate in any Vote or decision in any matter pertaining to the disposition of that Member's Membership Interest in the Company under this Agreement.

8.7.  The purchase price of the Membership Interest that is the subject of an option under this Agreement shall be the Fair Market Value of such Membership Interest as determined under this Section 8.7. Each of the selling and purchasing parties shall use his, her, or its best efforts to mutually agree on the Fair Market Value. If the parties are unable to so agree within 30 days of the date on which the option is first exercisable (the Option Date), the selling party shall appoint, within 40 days of the Option Date, one appraiser, and the purchasing party shall appoint within 40 days of the Option Date, one appraiser. The two appraisers shall within a period of five additional days, agree on and appoint an additional appraiser. The three appraisers shall, within 60 days after the appointment of the third appraiser, determine the Fair Market Value of the Membership Interest in writing and submit their report to all the parties. The Fair Market Value shall be determined by disregarding the appraiser's valuation that diverges the greatest from each of the other two appraisers' valuations, and the arithmetic mean of the remaining two appraisers' valuations shall be the Fair Market Value. Each purchasing party shall pay for the services of the appraiser selected by it, plus one-half of the fee charged by the third appraiser. The option purchase price as so determined shall be payable in cash.

8.8.  Except as expressly permitted under Section 8.2, a prospective transferee (other than an existing Member) of a Membership Interest may be admitted as a Member with respect to such Membership Interest (Substituted Member) only (1) on the unanimous Vote of the other Members in favor of the prospective transferee's admission as a Member, and (2) on such prospective transferee's executing a counterpart of this Agreement as a party hereto. Any prospective transferee of a Membership Interest shall be deemed an Assignee, and, therefore, the owner of only an Economic Interest until such prospective transferee has been admitted as a Substituted Member.

8.9.  Any person admitted to the Company as a Substituted Member shall be subject to all provisions of this Agreement.

8.10.  The initial sale of Membership Interests in the Company to the initial Members has not been qualified or registered under the securities laws of any state, or registered under the Securities Act of 1933, as amended, in reliance upon exemptions from the registration provisions of those laws. No attempt has been made to qualify the offering and sale of Membership Interests to Members under the California Corporate Securities Law of 1968, as amended, also in reliance upon an exemption from the requirement that a permit for issuance of securities be procured. Notwithstanding any other provision of this Agreement, Membership Interests may not be Transferred or Encumbered unless registered or qualified under applicable state and federal

Case: 22-30258    Doc# 1    Filed: 05/25/22    Entered: 05/25/22 10:43:11    Page 18 of 81

securities law or unless, in the opinion of legal counsel satisfactory to the Company, such qualification or registration is not required. The Member who desires to transfer a Membership Interest shall be responsible for all legal fees incurred in connection with said opinion.

## ARTICLE IX: DISSOLUTION AND WINDING UP

9.1.  The Company shall be dissolved on the first to occur of the following events:

(a)  The written agreement of a Majority of Members to dissolve the Company.

(b)  The sale or other disposition of substantially all of the Company assets.

(c)  Entry of a decree of judicial dissolution pursuant to California Corporations Code section 27351.

9.2.  On the dissolution of the Company, the Company shall engage in no further business other than that necessary to wind up the business and affairs of the Company. The Members who have not wrongfully dissolved the Company shall wind up the affairs of the Company. The Persons winding up the affairs of the Company shall give written Notice of the commencement of winding up by mail to all known creditors and claimants against the Company whose addresses appear in the records of the Company. After paying or adequately providing for the payment of all known debts of the Company (except debts owing to Members) the remaining assets of the Company shall be distributed or applied in the following order of priority:

(a)  To pay the expenses of liquidation.

(b)  To repay outstanding loans to Members. If there are insufficient funds to pay such loans in full, each Member shall be repaid in the ratio that the Member's respective loan, together with interest accrued and unpaid thereon, bears to the total of all such loans from Members, including all interest accrued and unpaid on those loans. Such repayment shall first be credited to unpaid principal and the remainder shall be credited to accrued and unpaid interest.

(c)  Among the Members in accordance with the provisions of Article IV, Section 4.7.

9.3.  Each Member shall look solely to the assets of the Company for the return of the Member's investment, and if the Company property remaining after the payment or discharge of the debts and liabilities of the Company is insufficient to return the investment of any Member, such Member shall have no recourse against any other Members for indemnification, contribution, or reimbursement.

## ARTICLE X: ARBITRATION

10.1.      Any action to enforce or interpret this Agreement or to resolve disputes between the Members or by or against any Member shall be settled by arbitration in accordance with the rules of the American Arbitration Association. Arbitration shall be the exclusive dispute

Case: 22-30258    Doc# 1    Filed: 05/25/22    Entered: 05/25/22 10:43:11    Page 19 of 81

resolution process in the State of California, but arbitration shall be a nonexclusive process elsewhere. Any party may commence arbitration by sending a written demand for arbitration to the other parties. Such demand shall set forth the nature of the matter to be resolved by arbitration. Arbitration shall be conducted in San Francisco, California. The substantive law of the State of California shall be applied by the arbitrator to the resolution of the dispute. The parties shall share equally all initial costs of arbitration. The prevailing party shall be entitled to reimbursement of attorney fees, costs, and expenses incurred in connection with the arbitration. All decisions of the arbitrator shall be final, binding, and conclusive on all parties. Judgment may be entered upon any such decision in accordance with applicable law in any court having jurisdiction thereof.

## ARTICLE XI: GENERAL PROVISIONS

11.1.     This Agreement constitutes the whole and entire agreement of the parties with respect to the subject matter of this Agreement, and it shall not be modified or amended in any respect except by a written instrument executed by all the parties. This Agreement replaces and supersedes all prior written and oral agreements by and among the Members or any of them.

11.2.     This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

11.3.     This Agreement shall be construed and enforced in accordance with the internal laws of the State of California. If any provision of this Agreement is determined by any court of competent jurisdiction or arbitrator to be invalid, illegal, or unenforceable to any extent, that provision shall, if possible, be construed as though more narrowly drawn, if a narrower construction would avoid such invalidity, illegality, or unenforceability or, if that is not possible, such provision shall, to the extent of such invalidity, illegality, or unenforceability, be severed, and the remaining provisions of this Agreement shall remain in effect.

11.4.  This Agreement shall be binding on and inure to the benefit of the parties and their heirs, personal representatives, and permitted successors and assigns.

11.5.  Whenever used in this Agreement, the singular shall include the plural, the plural shall include the singular, and the neuter gender shall include the male and female as well as a trust, firm, company, or corporation, all as the context and meaning of this Agreement may require.

11.6.  The parties to this Agreement shall promptly execute and deliver any and all additional documents, instruments, notices, and other assurances, and shall do any and all other acts and things, reasonably necessary in connection with the performance of their respective obligations under this Agreement and to carry out the intent of the parties.

11.7.  Except as provided in this Agreement, no provision of this Agreement shall be construed to limit in any manner the Members in the carrying on of their own respective businesses or activities.

11.8. Except as provided in this Agreement, no provision of this Agreement shall be construed to constitute a Member, in the Member's capacity as such, the agent of any other Member.

11.9. Each Member represents and warrants to the other Members that the Member has the capacity and authority to enter into this Agreement.

11.10.    The article, section, and paragraph titles and headings contained in this Agreement are inserted as a matter of convenience and for ease of reference only and shall be disregarded for all other purposes, including the construction or enforcement of this Agreement or any of its provisions.

11.11. This Agreement may be altered, amended, or repealed only by a writing signed by all of the Members.

11.12. Time is of the essence of every provision of this Agreement that specifies a time for performance.

11.13. This Agreement is made solely for the benefit of the parties to this Agreement and their respective permitted successors and assigns, and no other person or entity shall have or acquire any right by virtue of this Agreement.

11.14.    The Members intend the Company to be a limited liability company under the Act. No member shall take any action inconsistent with the express intent of the parties to this agreement.

IN WITNESS WHEREOF, the parties have executed or caused to be executed this Agreement on the day and year first above written.

Date: 2/12/20

_____
Hitesh Patel

_____
Bhavesh Patel

_____
Reena Patel

15

Case: 22-30258    Doc# 1    Filed: 05/25/22    Entered: 05/25/22 10:43:11    Page 22 of 81

**Fill in this information to identify the case:**

Debtor name: Hansaben Investments, LLC, a California Limited Liability Company

United States Bankruptcy Court for the: Northern District of California

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | City of Fairfield 1000 Webster Street Fairfield, CA, 94533 | | | | | | 305,209.00 |
| 2 | La Quinta Franchising 22 Sylvan Way Parsippany, NJ, 07054 | | Services | | | | 151,991.09 |
| 3 | Wells Fargo SBL P O Box 29482 Phoenix, AZ, 85038-8650 | | Credit Card Debt | | | | 14,451.23 |
| 4 | PG&E c/o Brian M Wong 77 Beal Street San Francisco, CA, 94105 | | Utility Services | | | | 6,248.00 |
| 5 | Booking.com 8100 SW Nyberg Street, Suite 350 Lockbox 223067 Tualatin, OR, 97062 | | Services | | | | 2,265.87 |
| 6 | Wells Fargo Business Elite Card P O Box 29482 Phoenix, AZ, 85038-8650 | | Credit Card Debt | | | | 1,520.03 |
| 7 | City of Fairfield 1000 Webster Street Fairfield, CA, 94533 | | Utility Services | | | | 1,436.96 |
| 8 | Telepacific Communications 515 Flower Street 47th Floor Los Angeles, CA, 90071 | | Telephone / Internet services | | | | 1,240.06 |

| | Debtor | Hansaben Investments, LLC, a California Limited Liability Company | | | Case number (if known)_____ |
|---|---|---|---|---|---|
| | | Name | | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Hd Supply Inc 800 Superior Avenue E PO BOX 6939 Cleveland, OH, 44114 | | Suppliers or Vendors | | | | 1,233.40 |
| 10 | Comcast 9601 E Panarama Circle Englewood, CO, 80112 | | Cable / Satellite Services | | | | 924.07 |
| 11 | Republic Services Inc 4101 William Richardson Drive  South Bend, IN, 46628 | | Services | | | | 897.58 |
| 12 | Ecolab Inc PO BOX 997300  Sacramento, CA, 95899-7300 | | Services | | | | 330.43 |
| 13 | AT&T Corporation P.O. Box 62414  Baltimore, MD, 21264-2414 | | Telephone / Internet services | | | | 117.70 |
| 14 | | | | | | | |
| 15 | | | | | | | |
| 16 | | | | | | | |
| 17 | | | | | | | |
| 18 | | | | | | | |
| 19 | | | | | | | |
| 20 | | | | | | | |

Official Form 204          Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims          page 2

**Fill in this information to identify the case:**

Debtor name _____Hansaben Investments, LLC, a California Limited Liability Company_____

United States Bankruptcy Court for the: _____Northern District of California_____

(State)

Case number (If known): _____

☐ Check if this is an
amended filing

## Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

**12/15**

---

### Part 1: Summary of Assets

1. **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from *Schedule A/B* ..................................................... | $ 9,850,000.00

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B* ................................................. | $ 180,061.42

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B* ................................................... | $ 10,030,061.42

---

### Part 2: Summary of Liabilities

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* ............ | $ 7,841,855.17

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 6a of *Schedule E/F*............................ | $ 0.00

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 6b of *Schedule E/F*.......... | +$ 488,534.50

4. **Total liabilities**...........................................................................
   Lines 2 + 3a + 3b | $ 8,330,389.67

Case: 22-30258    Doc# 1    Filed: 05/25/22    Entered: 05/25/22 10:43:11    Page 25 of 81

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**    $ 0.00

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1. Wells Fargo Bank    - Balance as of May 20, 2022 | Checking | 5  0  5  5 | $ 3,897.67 |
| 3.2. Wells Fargo Bank | Savings | 8  5  0  4 | $ 0.00 |

4. **Other cash equivalents** *(Identify all)*

   4.1. _____    $_____
   4.2. _____    $_____

5. **Total of Part 1**    $ 3,897.67

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and prepayments |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

   ☐ No. Go to Part 3.
   ☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

   7.1. _____    $_____
   7.2. _____    $_____

Debtor    Hansaben Investments, LLC, a California Limited Liability Company
         _____
         Name

Case number (*if known*)_____

**8.** **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1. The Hartford - Workers Compensation Insurance _____ $ 3,963.75

8.2. _____ $ _____

**9.** **Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.                    $ 3,963.75

---

| Part 3: | Accounts receivable |
|---|---|

**10.** **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

**11.** **Accounts receivable**

11a. 90 days old or less: _____ – _____ = ........➜    $ _____
                          face amount        doubtful or uncollectible accounts

11b. Over 90 days old: _____ – _____ = ........➜    $ _____
                          face amount        doubtful or uncollectible accounts

**12.** **Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.      $ _____

---

| Part 4: | Investments |
|---|---|

**13.** **Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14.** **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

14.1. _____    _____    $ _____

14.2. _____    _____    $ _____

**15.** **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                              % of ownership:

15.1. _____    _____%    _____    $ _____

15.2. _____    _____%    _____    $ _____

**16.** **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1. _____    _____    $ _____

16.2. _____    _____    $ _____

**17.** **Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.                    $ _____

Official Form 206A/B          Schedule A/B: Assets — Real and Personal Property          page 2

## Part 5: Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.

☑ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** <br> _____ | _____ <br> MM / DD / YYYY | $_____ | _____ | $_____ |
| 20. **Work in progress** <br> _____ | _____ <br> MM / DD / YYYY | $_____ | _____ | $_____ |
| 21. **Finished goods, including goods held for resale** <br> _____ | _____ <br> MM / DD / YYYY | $_____ | _____ | $_____ |
| 22. **Other inventory or supplies** <br> See Schedule A/B Part 5, Question 22 Attachment | 05/12/2022 <br> MM / DD / YYYY | $_____ | Estimated Purchase Value | 22,200.00 <br> $_____ |

23. **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

$ 22,200.00

24. **Is any of the property listed in Part 5 perishable?**

☑ No

☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☑ No

☐ Yes. Book value _____ Valuation method_____ Current value_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☑ No

☐ Yes

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** <br> _____ | $_____ | _____ | $_____ |
| 29. **Farm animals** _Examples_: Livestock, poultry, farm-raised fish <br> _____ | $_____ | _____ | $_____ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) <br> _____ | $_____ | _____ | $_____ |
| 31. **Farm and fishing supplies, chemicals, and feed** <br> _____ | $_____ | _____ | $_____ |
| 32. **Other farming and fishing-related property not already listed in Part 6** <br> _____ | $_____ | _____ | $_____ |

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

$_____

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

   ☐ No

   ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $_____ Valuation method _____ Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

**Part 7:** **Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | $_____ | _____ | $_____ |
| 40. **Office fixtures** <br> See Schedule A/B Part 7, Question 40 Attachment | $ 84,476.00 | Fair Market Value | $ 150,000.00 |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** <br> See Schedule A/B Part 7, Question 41 Attachment | $ 9,770.00 | Fair Market Value | $ 0.00 |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 _____ | $_____ | _____ | $_____ |
| 42.2 _____ | $_____ | _____ | $_____ |
| 42.3 _____ | $_____ | _____ | · $_____ |

43. **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

$ 150,000.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☑ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No

☐ Yes

Debtor    Hansaben Investments, LLC, a California Limited Liability Company       Case number (if known)_____

        Name

## Part 8:   Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

   ☑ No. Go to Part 9.

   ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | (Where available) | | |

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | | | |
|---|---|---|---|
| 47.1_____ | $_____ | _____ | $_____ |
| 47.2_____ | $_____ | _____ | $_____ |
| 47.3_____ | $_____ | _____ | $_____ |
| 47.4_____ | $_____ | _____ | $_____ |

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
|---|---|---|---|
| 48.1_____ | $_____ | _____ | $_____ |
| 48.2_____ | $_____ | _____ | $_____ |

49. **Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1_____ | $_____ | _____ | $_____ |
| 49.2_____ | $_____ | _____ | $_____ |

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
|---|---|---|---|
| | $_____ | _____ | $_____ |

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.           $_____

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

   ☐ No

   ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

   ☐ No

   ☐ Yes

| Part 9: | Real property |
| --- | --- |

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as<br>Assessor Parcel Number (APN), and type of property<br>(for example, acreage, factory, warehouse, apartment<br>or office building), if available. | Nature and extent<br>of debtor's interest<br>in property | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of<br>debtor's interest |
| --- | --- | --- | --- | --- |
| 55.1 Land and Building Located at<br>316 Pittman Road<br>Fairfield, CA | | $ 3,189,419.00 | Fair Market Value | $ 9,850,000.00 |
| 55.2 | | $_____ | _____ | $_____ |
| 55.3 | | $_____ | _____ | $_____ |

**56. Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ 9,850,000.00

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☑ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 10: | Intangibles and intellectual property |
| --- | --- |

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☑ Yes. Fill in the information below.

| General description | Net book value of<br>debtor's interest<br>(Where available) | Valuation method<br>used for current value | Current value of<br>debtor's interest |
| --- | --- | --- | --- |
| **60. Patents, copyrights, trademarks, and trade secrets** | $_____ | _____ | $_____ |
| **61. Internet domain names and websites** | $_____ | _____ | $_____ |
| **62. Licenses, franchises, and royalties**<br>La Quinta Franchise - Fairfield | $ 27,000.00 | 2020 Tax Return | $ Unknown |
| **63. Customer lists, mailing lists, or other compilations**<br>Customer List | $ 0.00 | Franchiser may own | $ 0.00 |
| **64. Other intangibles, or intellectual property** | $_____ | _____ | $_____ |
| **65. Goodwill** | $_____ | _____ | $_____ |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ 0.00

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**
- ☐ No
- ☑ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
- ☐ No
- ☑ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
- ☑ No
- ☐ Yes

## Part 11:   All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.
- ☐ No. Go to Part 12.
- ☑ Yes. Fill in the information below.

|  | **Current value of debtor's interest** |
|---|---|

71. **Notes receivable**

Description (include name of obligor)

_____     _____ — _____ = ➔   $_____
       Total face amount    doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

_____    Tax year _____   $_____
_____    Tax year _____   $_____
_____    Tax year _____   $_____

73. **Interests in insurance policies or annuities**

_____      $_____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

_____      $_____

Nature of claim    _____

Amount requested    $_____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

_____      $_____

Nature of claim    _____

Amount requested    $_____

76. **Trusts, equitable or future interests in property**

_____      $_____

77. **Other property of any kind not already listed**   *Examples:* Season tickets, country club membership

Open loans between Patel Hotel Entities - unknown value, subject to CPA Review

_____      $ Unknown

_____      $_____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.      $ 0.00

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
- ☑ No
- ☐ Yes

| Part 12: | Summary |
|----------|---------|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 3,897.67 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 3,963.75 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 22,200.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 150,000.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* ........................................ ➜ | | $ 9,850,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $ 0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column. ..........................91a. | $ 180,061.42 | + 91b. $ 9,850,000.00 |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ........... | 10,030,061.42 | $ 10,030,061.42 |

**Debtor: Hansaben Investments LLC**
**Schedule A/B Part 5, Question 22 Attachment**

| Inventory | Quantity | Value | |
|---|---|---|---|
| Sheets | 180 | $ | 4,500.00 |
| Fitted sheets | 120 | $ | 2,640.00 |
| Pillows | 260 | $ | 3,120.00 |
| Duvet | 95 | $ | 1,900.00 |
| Duvet Covers | 92 | $ | 3,220.00 |
| Soap | 6 cases | $ | 240.00 |
| Shampoo | 4 Cases | $ | 120.00 |
| Toilet Paper | 4 Cases | $ | 160.00 |
| Irons | 10 | $ | 250.00 |
| Trash Liner | 2 cases | $ | 130.00 |
| Bath Towels | 180 | $ | 2,160.00 |
| Hand Towels | 210 | $ | 2,100.00 |
| Wash Cloth | 280 | $ | 1,120.00 |
| Detegent | 4 buckets | $ | 320.00 |
| Chemical cleaning | 8 buckets | $ | 220.00 |
| | | $ | **22,200.00** |

Inventory taken on May 12, 2022 by Sarfraz Ahmed

Debtor:     Hansaben Investments, LLC

## Schedule A/B Part 7, Question 40 Attachment
## Office Fixtures

Quote from American Hotel Register Co.
FF&E Solutions

| Item Category | Spec# | Item Detail | Item Qty | UM | Unit Price | Ext Price |
|---|---|---|---|---|---|---|
| **Appliances & Equipment** | | | | | | |
| | 0 | Refrigerator Appliance- 18 6"w x 24 9"h x 17.7"d; | 60 | ea | $117 89 | $7,073.40 |
| | 0 | Microwave Appliance- 17.3"l x 13.9"d x 10 2"h | 60 | ea | $57.68 | $3,460.80 |
| | | | | | TOTAL | $10,534.20 |
| **Artwork** | | | | | | |
| | 0 | Bathroom Artwork | 60 | ea | $40.13 | $2 407.80 |
| | 0 | Artwork over Lounge Chair | 58 | ea | $36.63 | $2 124.54 |
| | 0 | Artwork over Sofa- 42"W x 27"H (Per site visit) | 16 | ea | $52.82 | $845.12 |
| | 0 | Artwork at Sidewall (1 of 4) | 59 | ea | $28.00 | $1,652.00 |
| | 0 | Artwork at Sidewall (2 of 4) | 57 | ea | $31.25 | $1 781.25 |
| | 0 | Artwork at Sidewall (3 of 4) | 59 | ea | $34.50 | $2,035.50 |
| | 0 | Artwork at Sidewall (4 of 4) | 59 | ea | $35.50 | $2,094.50 |
| | 0 | Artwork at Desk | 58 | ea | $49.00 | $2 842.00 |
| | | | | | TOTAL | $15,782.71 |
| **Mirrors** | | | | | | |
| | 0 | Full Length Wall Mirror | 60 | ea | $79.09 | $4 745.40 |
| | 0 | Vanity Mirror - 4'-5" x 36"H (Confirmed on site visit) | 56 | ea | $83.11 | $4,654.16 |
| | 0 | ADA Vanity Mirror 4'W -3'H (Confirmed at site visit) | 4 | ea | $81.22 | $324 88 |
| | | | | | TOTAL | $9,724.44 |
| **Bathroom Plumbing & Accessories** | | | | | | |
| | 0 | Tub Surround | 59 | ea | $398 89 | $23,534 51 |
| | 0 | Shower Surround | 1 | ea | $513 33 | $513 33 |
| | | | | | TOTAL | $24,047.84 |
| **Bed Supports** | VL2 0 | | | | | |
| | 0 | Queen Bed Base | 30 | ea | $67.11 | $2 013.30 |
| | 0 | Queen Bed Frame | 2 | ea | $44.44 | $88.88 |
| | 0 | King Bed Base | 41 | ea | $73.50 | $3,013.50 |
| | 0 | King Bed Frame | 3 | ea | $47.44 | $142 32 |
| | | | | | TOTAL | $5,258.00 |
| **Bedding** | VL2 0 | | | | | |
| | 0 | King Top Sheet | 44 | ea | $62.40 | $2 745.60 |
| | 0 | Queen Top Sheet | 32 | ea | $60.89 | $1 948.48 |
| | 0 | King Duvet Insert | 44 | ea | $48.24 | $2,122.56 |
| | 0 | Queen Duvet Insert | 32 | ea | $42.35 | $1,355.20 |
| | 0 | King Bed Boxspring Wrap | 41 | ea | $44.71 | $1 833.11 |
| | 0 | Queen Bed Boxspring Wrap | 30 | ea | $42.06 | $1,261.80 |
| | GST-103Q-BI | ADA King Bed Wrap | 3 | ea | $46.76 | $140 28 |
| | GST-104EK-E | ADA Queen Bed Wrap | 2 | ea | $44.12 | $88.24 |
| | | | | | TOTAL | $11,495.27 |
| **Mattresses** | VL2 0 | | | | | |
| | 0 | King Mattress and Boxspring Set NEW SPEC | 44 | ea | $514 00 | $22 616 00 |
| | 0 | Queen Mattress and Boxspring Set- NEW SPEC | 32 | ea | $390 00 | $12,480 00 |
| | | | | | TOTAL | $35,096.00 |
| **Casegoods** | VL2 0 | | | | | |
| | 0 | King Headboard - Upholstered | 44 | ea | $345 65 | $15,208 60 |
| | 0 | Queen Headboard - Upholstered | 32 | ea | $298 91 | $9,565.12 |
| | 0 | Single Nightstand | 88 | ea | $145 65 | $12 817 20 |
| | 0 | Double Nightstand | 16 | ea | $155.43 | $2,486.88 |
| | 0 | MicroFridge Combo Unit | 4 | ea | $679 35 | $2,717.40 |
| | 0 | 60" Desk | 60 | ea | $201 09 | $12 065.40 |
| | 0 | Coffee Table | 16 | ea | $305 22 | $4,883.52 |
| | 0 | TV Console Table | 16 | ea | $538 04 | $8,608.64 |
| | 0 | 4 Drawer chest | 56 | ea | $426 09 | $23 861 04 |
| | | | | | TOTAL | $92,213.80 |
| **Vanities** | VL2 0 | | | | | |
| | 0 | Vanity Base-  towel cubby closest to the door. ( 26 Left and  28 Right verify) | 56 | ea | $344.44 | $19 288 64 |
| | 0 | Vanity Top | 56 | ea | $191.11 | $10 702 16 |
| | 0 | ADA Vanity Base- End towel cubby per site visit (2 left and 2  right verify) | 4 | ea | $405 56 | $1,622.24 |
| | 0 | ADA Vanity Top | 4 | ea | $191.11 | $764.44 |
| | 0 | Vanity Bowl | 60 | ea | $27.78 | $1 666.80 |
| | 0 | Vanity Faucet | 60 | ea | $152 60 | $9,156.00 |
| | | | | | TOTAL | $43,200.28 |
| **Flooring** | VL2 0 | | | | | |
| | 0 | Guestroom Carpet | 1783 | sy | $10.50 | $18,721 50 |
| | 0 | Guestroom Carpet Base - 4" | 3753 | lf | $0.79 | $2,964.87 |
| | 0 | Guestroom Carpet Pad | 1720 | sy | $1.67 | $2 872.40 |
| | 0 | Guestroom Tile - (8x24) | 6407 | sf | $3.72 | $23,834 04 |
| | 0 | Guestroom Tile Base Material - (8x24 cut to 4x24 in field) | 1128 | sf | $3.72 | $4,196.16 |
| | | | | | TOTAL | $52,588.97 |
| **Lighting** | VL2 0- With Outlets | | | | | |
| | GR-401-LT | Single Nightstand Lamp- With outlet | 88 | ea | $50.72 | $4,463.36 |
| | GR-402-LT | Double Nightstand Lamp- With outlet | 16 | ea | $56.48 | $903 68 |
| | GR-403-LT | Desk Lamp-With outlet | 60 | ea | $52.16 | $3 129.60 |
| | GR-404-LT | Side Table Lamp | 60 | ea | $54.55 | $3,273.00 |
| | GR-405-LT | Floor Lamp | 43 | ea | $81.88 | $3,520.84 |
| | GR-406-LT | Vanity Light Fixture | 60 | ea | $83.07 | $4 984.20 |
| | 0 | Arc Floor lamp | 16 | ea | $241 66 | $3,866.56 |
| | | | | | TOTAL | $24,141.24 |

Quote from American Hotel Register Co.
FF&E Solutions

Case: 22-30258    Doc# 1    Filed: 05/25/22    Entered: 05/25/22 10:43:11    Page 35 of 81

Page 1 of 2                                                                                                                          9/8/2014

Debtor:          Hansaben Investments, LLC

Schedule A/B Part 7, Question 40 Attachment
Office Fixtures

Quote from American Hotel Register Co.
FF&E Solutions

| Item Category | Spec# | Item Detail | Item Qty | UM | Unit Price | Ext Price |
|---|---|---|---|---|---|---|
| Seating | CUSTOM 1 0 AND 2.0 | | | | | |
| | GST-300-SG | Ergo Chair | 60 | ea | $162 63 | $9,757.80 |
| | GST-301-SG | Small Side Chair | 1 | ea | $220 67 | $220 67 |
| | GST-301A-S( | Lounge Chair COM Fabric | 4 | yd | $10.75 | $43.01 |
| | GST-302-SG | Lounge Chair COM | 57 | ea | $263 20 | $15,002.40 |
| | GST-302A-S( | Lounge Chair COM Fabric | 228 | yd | $10.75 | $2 451.46 |
| | GST-302P-S( | Fabric for Lounge Chair Pillow | 29 | yd | $27.85 | $807 65 |
| | GST-304-SG | Sectional Sleeper Sofa | 14 | ea | $1,195.65 | $16,739.10 |
| | GST-304-SG | Fabric for Sectional Sleeper Sofa | 364 | yd | $14.67 | $5,339.88 |
| | GST-304P-S( | Sofa Pillows | 28 | ea | $32.61 | $913 08 |
| | GST-304P-S( | Fabric for Sofa Pillows | 7 | yd | $23.53 | $164.71 |
| | GR-803-SG | Sleeper Sofa COM | 2 | ea | $560 00 | $1,120.00 |
| | GST-303-SG | Fabric for Sleeper Sofa | 20 | yd | $14.67 | $293.40 |
| | GST-303P-S( | Sleeper Sofa Pillows | 4 | ea | $32.61 | $130.44 |
| | GST-303P-S( | Fabric for Sleeper Sofa Pillows | 1 | yd | $23.53 | $23.53 |
| | | | | | **TOTAL** | **$53,007.12** |
| Televisions & Mounts | | | | | | |
| | 0 | 42" Pro-idiom TV | 76 | ea | $570 01 | $43,320.76 |
| | 0 | TV Lockdown Kit | 76 | ea | $7.41 | $563.16 |
| | | | | | **TOTAL** | **$43,883.92** |
| Window Treatments - Estimated Sizes Installer Must Verify. | | | | | | |
| Window C  5' W x 6'-2" H  VL2..0 | | *Pricing includes labor, measure, install, and hardware. | | | | |
| | 0 | Guestroom Cornice | 62 | ea | $132 51 | $8,215.62 |
| | 0 | Guestroom Sheer- (Decorative Printed Sheer) | 62 | ea | $141 20 | $8,754.40 |
| | 0 | Guestroom Blackout | 62 | ea | $148.42 | $9 202.04 |
| | | | | | **TOTAL** | **$26,172.06** |
| | | | | | **WINDOW TOTAL** | **$26,172.06** |
| | | | | | **PRODUCT GRAND TOTAL** | **$447,145.85** |

Quote from American Hotel Register Co.
FF&E Solutions

Case: 22-30258    Doc# 1    Filed: 05/25/22    Entered: 05/25/22 10:43:11    Page 36 of 81

9/8/2014

**Debtor:** Hansaben Investments, LLC

**Schedule A/B Part 7, Question 40 Attachment**
**Office Fixtures**

Quote from American Hotel Register Co.
FF&E Solutions

| Item Category | Spec# | Item Detail | Item Qty | UM | Unit Price | Ext Price |
|---|---|---|---|---|---|---|
| **Equipment** | | | | | | |
| | 0 | Lobby 55" LCD TV - Pro Idiom | 1 | ea | $1,240.00 | $1,240.00 |
| | 0 | 42" Pro-idiom TV- Fitness | 1 | ea | $570.01 | $570.01 |
| | 0 | Flat Wall Mount | 1 | ea | $58.33 | $58.33 |
| | FC-759A-MSC | Fitness Articulating Wall Mount | 1 | ea | $78.12 | $78.12 |
| | | | | | TOTAL | $1,946.46 |
| **Accessories** | | | | | | |
| | 0 | Vase 1 at Console Table | 1 | ea | $60.00 | $60.00 |
| | 0 | Vase 2 at Console Table | 1 | ea | $73.33 | $73.33 |
| | 0 | Vase 3 at Console Table | 1 | ea | $86.67 | $86.67 |
| | 0 | LQ Logo Flag 3x5 | 1 | ea | $69.70 | $69.70 |
| | 0 | American Flag 3x5 | 1 | ea | $33.97 | $33.97 |
| | 0 | State Flag 3x5 | 1 | ea | $39.55 | $39.55 |
| | | | | | TOTAL | $363.22 |
| **Artwork & Mirrors** | | | | | | |
| | 0 | Great Room Artwork | 1 | ea | $59.75 | $59.75 |
| | 0 | Mirror at Prefunction | 1 | ea | $236.25 | $236.25 |
| | 0 | Men's Restroom Artwork | 1 | ea | $65.63 | $65.63 |
| | 0 | Women's Restroom Artwork | 1 | ea | $65.63 | $65.63 |
| | 0 | Men's Vanity Mirror | 1 | ea | $92.63 | $92.63 |
| | 0 | Women's Vanity Mirror | 1 | ea | $92.63 | $92.63 |
| | 0 | Fitness Mirrors Frames- 4'W x 7' H | 3 | sets | $225.00 | $675.00 |
| | | | | | TOTAL | $1,287.52 |
| **Public Restroom Vanities** | | | | | | |
| | 0 | Public Vanity Top | 2 | ea | $191.11 | $382.22 |
| | 0 | Vanity Bowl | 2 | ea | $27.78 | $55.56 |
| | 0 | Vanity Faucet | 2 | ea | $152.60 | $305.20 |
| | | | | | TOTAL | $742.98 |
| **Casegoods- 2.0 Spec** | | | | | | |
| | 0 | Communal Table Top (Quartz) | 1 | ea | $1,285.33 | $1,285.33 |
| | 0 | Communal Table Base | 1 | ea | $1,427.61 | $1,427.61 |
| | LOB-237-CG | Breakfast Table Top - 24x30 (Quartz) | 6 | ea | $190.22 | $1,141.32 |
| | LOB-238-CG | Breakfast Table Top - 36x36 (Quartz) | 1 | ea | $266.30 | $266.30 |
| | LOB-238B-CG | Breakfast Table Base | 6 | ea | $60.00 | $360.00 |
| | 0 | Lobby Console Table | 1 | ea | $573.91 | $573.91 |
| | 0 | Lobby End Table 1 | 2 | ea | $225.00 | $450.00 |
| | LOB-238B-CG | 36" x 36" Breakfast Table Base | 1 | ea | $156.30 | $156.30 |
| | | | | | TOTAL | $5,660.77 |
| **Flooring** | | | | | | |
| | 0 | Lobby/Breakfast Room Carpet (attached pad) | 46 | sy | $27.42 | $1,261.32 |
| | 0 | Corridor Carpet Runner (attached pad) | 203 | sy | $27.42 | $5,566.26 |
| | 0 | Corridor Carpet Door Drop (attached pad) | 140 | sy | $27.42 | $3,838.80 |
| | 0 | Corridor Carpet Door Drop (attached pad) | 21 | sy | $27.42 | $575.82 |
| | 0 | Corridor Carpet Door Drop (attached pad) | 18 | sy | $27.42 | $493.56 |
| | 0 | Corridor Field | 61 | sf | $2.61 | $159.21 |
| | RF-1C | Fitness Center Rubber Flooring | 238 | sf | $3.06 | $728.28 |
| | 0 | Public Area Carpet Base - 6" | 960 | lf | $0.77 | $739.20 |
| | 0 | Stairwell Carpet Stringer Base - 12" | 131 | lf | $1.29 | $168.99 |
| | 0 | BOH Carpet Base | 257 | lf | $0.77 | $197.89 |
| | 0 | Public Space Tile Base | 640 | lf | $3.32 | $2,124.80 |
| | 0 | Fitness Center Wall Base | 62 | lf | $1.39 | $86.18 |
| | CPP-610 | Public Area Carpet Pad | 80 | sy | $2.46 | $196.80 |
| | 0 | BOH / Stairwell Carpet | 225 | sy | $10.50 | $2,362.50 |
| | 0 | Public Space Floor Tile | 2473 | sf | $2.61 | $6,454.53 |
| | 0 | Corridor out Fill- Solid | 11 | sy | $27.42 | $301.62 |
| | 0 | Lobby area rug- 9'W x 6'-3"D | 16 | sy | $21.42 | $342.72 |
| | 0 | Area rug binding | 1 | ea | $52.22 | $52.22 |
| | | | | | TOTAL | $25,650.70 |
| **Wall Finishes** | | | | | | |
| | 0 | Public Area Main Wall Covering | 939 | ly | $11.06 | $10,385.34 |
| | 0 | Public Area Accent Wall Covering | 30 | ly | $11.06 | $331.80 |
| | 0 | Front Desk Graphic | 1 | ea | $972.56 | $972.56 |
| | 0 | Corridor Door Drop Wall Covering | 258 | ly | $14.17 | $3,655.86 |
| | 0 | Meeting Room & Public Restroom Wall Covering | 30 | ly | $11.06 | $331.80 |
| | 0 | Fitness Center WVC Panels | 4 | ea | $242.78 | $971.12 |
| | 0 | Public Space Bathroom Wall Tile | 180 | pc | $2.89 | $520.20 |
| | 0 | Public Space Bathroom Accent Wall Tile | 32 | sht | $22.50 | $720.00 |
| | 0 | Breakfast Room Buffet Wall Tile | 22 | pc | $22.50 | $495.00 |
| | 0 | Great Room Accent Wall Tile | 18 | sf | $5.78 | $104.04 |
| | 0 | Great Room Accent Wall Tile | 27 | sf | $6.12 | $165.24 |
| | 0 | Great Room Accent Wall Tile | 70 | sf | $7.00 | $490.00 |
| | | | | | TOTAL | $19,142.96 |
| **Lighting- 2.0** | | | | | | |
| | LOB-437-LT | Communal Table Pendant | 1 | ea | $664.75 | $664.75 |
| | 0 | Front Desk & Dining Table Pendant | 2 | ea | $87.50 | $175.00 |
| | LOB-408-LT | Lobby Large Pendant | 3 | ea | $324.00 | $972.00 |
| | LOB-409-LT | Great room wall sconce | 6 | ea | $228.96 | $1,373.76 |
| | 0 | Corridor Ceiling Light | 38 | ea | $61.20 | $2,325.60 |
| | 0 | Corridor Wall Sconce | 40 | ea | $84.94 | $3,397.60 |
| | 0 | Prefunction Lamp | 1 | ea | $111.25 | $111.25 |
| | 0 | Breakfast Counter Pendant | 3 | ea | $122.50 | $367.50 |
| | 0 | Public Space Vanity Fixture | 2 | ea | $91.38 | $182.76 |
| | | | | | TOTAL | $9,570.22 |

Quote from American Hotel Register Co.
FF&E Solutions

Case: 22-30258   Doc# 1   Filed: 05/25/22   Entered: 05/25/22 10:43:11   Page 37 of 81

9/8/2014

**Debtor:** Hansaben Investments, LLC

**Schedule A/B Part 7, Question 40 Attachment**
**Office Fixtures**

| Item Category | Spec# | Item Detail | Item Qty | UM | Unit Price | Ext Price |
|---|---|---|---|---|---|---|
| **Outdoor & Pool Furniture** | | | | | | |
| | 0 | Exterior Chaise Lounge | 4 | ea | $230.10 | $920.40 |
| | 0 | Dining Table | 1 | ea | $296.47 | $296.47 |
| | 0 | Pool Umbrella | 1 | ea | $249.28 | $249.28 |
| | 0 | Pool Umbrella Base | 1 | ea | $111.85 | $111.85 |
| | 0 | Exterior Lounge Chair | 8 | ea | $151.34 | $1,210.72 |
| | 0 | Exterior Side Table | 5 | ea | $130.93 | $654.65 |
| | | | | | **TOTAL** | **$3,443.37** |
| **Seating- 2.0** | | | | | | |
| | 0 | Lounge Chair 2 - B | 2 | ea | $328.41 | $656.82 |
| | 0 | Fabric | 9 | yd | $19.26 | $173.34 |
| | 0 | Lounge Chair 3 | 2 | ea | $305.68 | $611.36 |
| | LOB-334A-SGF | Fabric - Frame | 14 | yd | $13.92 | $194.88 |
| | 0 | Fabric - Cushions (2- seat & back) | 14 | yd | $23.86 | $334.04 |
| | 0 | Lobby Sofa | 1 | ea | $402.85 | $402.85 |
| | 0 | Fabric | 6 | yd | $39.77 | $238.62 |
| | 0 | Lobby Sofa Pillow | 2 | ea | $28.84 | $57.68 |
| | 0 | Fabric - Pillow | 2 | yd | $39.77 | $79.54 |
| | 0 | Breakfast Sofa | 1 | ea | $539.77 | $539.77 |
| | 0 | Fabric - Back | 6 | yd | $39.77 | $238.62 |
| | 0 | Fabric - Seat | 6 | yd | $22.73 | $136.38 |
| | LOB-341-SG | Barstool - COM | 8 | ea | $209.05 | $1,672.40 |
| | 0 | Fabric - Back | 8 | yd | $28.35 | $226.80 |
| | 0 | Fabric - Seat | 8 | yd | $22.73 | $181.84 |
| | LOB-338-SG | Dining Chair 1 - A | 6 | ea | $198.86 | $1,193.16 |
| | LOB-338A-SGF | Fabric-  Seat | 6 | yd | $18.02 | $108.14 |
| | 0 | Fabric - Back | 6 | yd | $28.13 | $168.78 |
| | LOB-339-SG | Dining Chair 1 - B | 6 | ea | $198.86 | $1,193.16 |
| | LOB-339A-SGF | Fabric - Back | 6 | yd | $26.70 | $160.20 |
| | LOB-339B-SGF | Fabric - Seat | 6 | yd | $13.92 | $83.52 |
| | | | | | **TOTAL** | **$8,651.90** |
| **Corner Guards** | | | | | | |
| | 0 | Corridor/Lobby Corner Guards  w/ Vinyl | 86 | ea | $6.99 | $601.14 |
| | | | | | **TOTAL** | **$601.14** |
| **Window Treatments: based on WT measure form, install to be provided by customer** | | | | | | |
| **Window A: 5'W x 10'H** | *Pricing includes labor, measure, install, and hardware. | | | | | |
| | | Great Room/Fitness Roller Shades | 2 | ea | $693.33 | $1,386.66 |
| | | | | | **TOTAL** | **$1,386.66** |
| **Window C: 5'-4.25"W x 7'-6"H** | | | | | | |
| | 0 | Corridor Roller Shades | 4 | ea | $520.00 | $2,080.00 |
| | | | | | **TOTAL** | **$2,080.00** |
| **Window F: 4'-6"W x 4'-4"H** | | | | | | |
| | 0 | BOH Office Window | 6 | ea | $186.67 | $1,120.02 |
| | | | | | **TOTAL** | **$1,120.02** |
| **Windows General** | | | | | | |
| | 0 | Trip Charge (Includes Lodging) | 1 | ea | $729.41 | $729.41 |
| | 0 | Lodging for Measure and Installation Trip Charge | 1 | ea | $0.00 | $0.00 |
| | | | | | **TOTAL** | **$729.41** |
| | | | | | **WINDOW TOTAL** | **$5,316.09** |

| | | | | | **PRODUCT GRAND TOTAL:** | **$82,377.33** |
|---|---|---|---|---|---|---|

Quote from American Hotel Register Co.
FF&E Solutions

Debtor:        Hansaben Investments, LLC

## Schedule A/B Part 7, Question 40 Attachment
## Office Fixtures

Quote from American Hotel Register Co.
FF&E Solutions

| | | |
|---|---|---|
| Total Product Cost | $529,523.19 | |
| Estimated Product Tax | $45,671.37 | 8.625% |
| Estimated Freight | $63,542.78 | 12% |
| Estimated Freight Tax | 0 | |
| | | |
| Total Project Cost | $638,737.34 | |
| Deposit Required | See Note Below | |
| Remainder Due | See Note Below | |

**La Quinta- Fairfield, Ca**
American Hotel Account #:

## Cost Summary By Room Type

| GUEST ROOM COST | $447,145.85 | xNum. |
|---|---|---|
| Double Queen-  Plan B | $6,926.70 | 15 |
| ADA Double Queen- Type | $7,177.76 | 1 |
| King- Type A | $6,352.14 | 24 |
| ADA King- Type D | $6,946.92 | 1 |
| King Suite- Type C | $9,746.32 | 14 |
| King ADA- Type H | $6,704.98 | 1 |
| King Jacuzzi Suite- Type E | $8,757.17 | 2 |
| King Corner- Type F | $6,604.75 | 1 |
| King ADA Shower- Type J | $6,819.42 | 1 |
| General | $2,577.25 | 1 |
| | | 0 |
| | | 0 |
| | | 0 |

| PUBLIC SPACE COST | $82,377.33 |
|---|---|
| Lobby / Great Room | $33,660.83 |
| Meeting Room | |
| Fitness Center | $3,396.27 |
| Men's Restroom | $1,811.24 |
| Women's Restroom | $1,811.24 |
| Pool | $3,443.37 |
| BOH Offices | $2,150.30 |
| Stairwells | $2,390.84 |
| Corridor 1 | $15,188.55 |
| Corridor 2-3 | $13,221.00 |
| Vending Area | $1,199.37 |
| Elevators | $523.11 |
| General | $3,581.21 |

Quote from American Hotel Register Co.
FF&E Solutions

**Debtor: Hansaben Investments LLC**
**Schedule A/B Part 75, Question 41 Attachment**

| Inventory | Quantity | Value |
|---|---|---|
| Computers | 5 | $ 4,000.00 |
| Printers | 2 | $ 750.00 |
| Fax machine | 1 | $ 320.00 |
| Microsoft office | 1 | 69 per year |
| Phone console | 1 | $ 2,600.00 |
| Phone sets | 2 | $ 180.00 |
| Camera System | 1 | $ 1,800.00 |
| Camera monitor | 1 | $ 120.00 |
| | | $ 9,770.00 |

Inventory taken on May 12, 2022 by Sarfraz Ahmed

**Fill in this information to identify the case:**

Debtor name    Hansaben Investments, LLC, a California Limited Liability Company

United States Bankruptcy Court for the:   Northern District of California

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   - ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   - ☐ Yes. Fill in all of the information below.

**Part 1:**    **List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

|  | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|
| **2.1** | **Creditor's name**<br>Poppy Bank<br><br>**Creditor's mailing address**<br>438 First Street<br>Santa Rosa, CA 95401<br><br>**Creditor's email address, if known**<br><br>**Date debt was incurred** 04/24/2020<br>**Last 4 digits of account number** 3308<br><br>**Do multiple creditors have an interest in the same property?**<br>☐ No<br>☑ Yes. Specify each creditor, including this creditor,<br><small>Solano County Treasurer, 1st; Poppy Bank, 2nd; Poppy Bank, 3rd; Small Business Administration, 4th on Real Property located at 316 Pittman Road, Fairfield, CA. Poppy Bank, 1st and Poppy Bank 2nd on Personal Property.</small> | **Describe debtor's property that is subject to a lien**<br><br>Real Property and Personal Property located at<br>316 Pittman Road<br>Fairfield, CA 94534<br><br>**Describe the lien**<br>The 3rd position for real property located at ⁞<br><br>**Is the creditor an insider or related party?**<br>☑ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>☑ No<br>☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).<br>**As of the petition filing date, the claim is:**<br>Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $ 2,672,464.96 | $ 9,850,000.00 |
| **2.2** | **Creditor's name**<br>Poppy Bank<br><br>**Creditor's mailing address**<br>438 First Street<br>Santa Rosa, CA 95401<br><br>**Creditor's email address, if known**<br><br>**Date debt was incurred** 02/26/2018<br>**Last 4 digits of account number** 0307<br><br>**Do multiple creditors have an interest in the same property?**<br>☐ No<br>☑ Yes. Have you already specified the relative priority?<br>  ☐ No. Specify each creditor, including this creditor, and its relative priority.<br><small>Solano County Treasurer, 1st; Poppy Bank, 2nd; Poppy Bank, 3rd; Small Business Administration, 4th on Real Property located at 316 Pittman Road, Fairfield, CA. Poppy Bank, 1st and Poppy Bank 2nd on Personal Property.</small><br>  ☑ Yes. The relative priority of creditors is specified on lines 2.1 | **Describe debtor's property that is subject to a lien**<br><br>Real Property and Personal Property located at<br>316 Pittman Road<br>Fairfield, CA 94534<br><br>**Describe the lien**<br><br>**Is the creditor an insider or related party?**<br>☑ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>☑ No<br>☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).<br>**As of the petition filing date, the claim is:**<br>Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $ 4,345,715.90 | $ 9,850,000.00 |

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    $ 7,841,855.17

## Part 1: Additional Page

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

---

**2.3** | **Creditor's name**
Small Business Administration

**Describe debtor's property that is subject to a lien**

_____

**Creditor's mailing address**

409 3rd Street SW
Washington, DC 20416

**Creditor's email address, if known**

_____

Real Property located at
316 Pittman Road
Fairfield, CA 94534

$537,500.00          $9,850,000.00

**Date debt was incurred** 07/08/2021
**Last 4 digits of account number** 8200

**Describe the lien**

Agreement you made, Payments to begin 06

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Do multiple creditors have an interest in the same property?**
☐ No
☒ Yes. Have you already specified the relative priority?

  ☐ No. Specify each creditor, including this creditor, and its relative priority.

> Solano County Treasurer, 1st; Poppy Bank, 2nd; Poppy Bank, 3rd; Small Business Administration, 4th on Real Property located at 316 Pittman Road, Fairfield, CA.

  ☒ Yes. The relative priority of creditors is specified on lines 2.1

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

---

**2.4** | **Creditor's name**
Solano County Treasurer

**Describe debtor's property that is subject to a lien**

_____

**Creditor's mailing address**

675 Texas Street, Suite 6500
Fairfield, CA 94533

**Creditor's email address, if known**

_____

Real Property located at
316 Pittman Road
Fairfield, CA 94534

$286,174.31          $9,850,000.00

**Date debt was incurred** Various
**Last 4 digits of account number** 0110

**Describe the lien**

Assessment Number 0044-140-110  - Real Property Tax

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Do multiple creditors have an interest in the same property?**
☐ No
☒ Yes. Have you already specified the relative priority?

  ☐ No. Specify each creditor, including this creditor, and its relative priority.

> Solano County Treasurer, 1st; Poppy Bank, 2nd; Poppy Bank, 3rd; Small Business Administration, 4th on Real Property located at 316 Pittman Road, Fairfield, CA.

  ☒ Yes. The relative priority of creditors is specified on lines 2.1

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

---

| | |
|---|---|
| Debtor | Hansaben Investments, LLC, a California Limited Liability Company |
| | Name |

Case number (*if known*)_____

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| Khalid Acheckzai<br>438 First Street<br>Santa Rosa, CA, 95401 | Line 2. 2 | _____ |
| Mitchell B. Greenberg<br>100 Stony Point Rd.<br>Suite 200<br>Santa Rosa, CA, 95401 | Line 2. 1 | _____ |
| Solano County Treasurer c/o Charles Lomelli<br>675 Texas St., Suite 6500<br>Fairfield, CA, 94533 | Line 2. 4 | _____ |
| | Line 2. __ | _____ |
| | Line 2. __ | _____ |
| | Line 2. __ | _____ |
| | Line 2. __ | _____ |
| | Line 2. __ | _____ |
| | Line 2. __ | _____ |
| | Line 2. __ | _____ |
| | Line 2. __ | _____ |
| | Line 2. __ | _____ |
| | Line 2. __ | _____ |
| | Line 2. __ | _____ |

Form 206D          Official Part 2 of **Schedule D: Creditors Who Have Claims Secured by Property**          page _3_ of _3_

Debtor    Hansaben Investments, LLC, a California Limited Liability Company

United States Bankruptcy Court for the:    Northern District of California

Case number
(if known)    _____

☐ Check if this is an
amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B*)* and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   ☐ No. Go to Part 2.
   ☑ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|

**2.1** Priority creditor's name and mailing address
Anaa Rosa Sanchez
316 Pittman Road
Fairfield, CA, 94534

As of the petition filing date, the claim is:    $ 0.00    $ _____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred
_____

Basis for the claim:
Wages, Salaries, Commissions

Last 4 digits of account number    _____

Is the claim subject to offset?
☑ No
☐ Yes

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) ( 4 )

**2.2** Priority creditor's name and mailing address
Angel Flores
700 Travis Blvd
Fairfield, CA, 94533

As of the petition filing date, the claim is:    $ 0.00    $ _____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred
_____

Basis for the claim:
Wages, Salaries, Commissions

Last 4 digits of account number    _____

Is the claim subject to offset?
☑ No
☐ Yes

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) ( 4 )

**2.3** Priority creditor's name and mailing address
Ashley Frazier
2999 North Texas Street
Apt 21
Fairfield, CA, 94533

As of the petition filing date, the claim is:    $ 0.00    $ _____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred
_____

Basis for the claim:
Wages, Salaries, Commissions

Last 4 digits of account number    _____

Is the claim subject to offset?
☑ No
☐ Yes

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) ( 4 )

# Part 1.  Additional Page

Copy this page if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional PRIORITY creditors exist, do not fill out or submit this page.

| | Total claim | Priority amount |

**2.4  Priority creditor's name and mailing address**

California Department of Tax and Fee
Administration
Account Information Group, MIC 29
P O Box 942879
Sacramento, CA, 95279-0029

$ Unknown    $

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**
_____

**Basis for the claim:**
Taxes & Other Government Units

**Last 4 digits of account number** _____

**Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) ( 8 )**

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**2.5  Priority creditor's name and mailing address**
Clairess Wallace
633 Peridot Place
Fairfield, CA, 94534

$ 0.00    $

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**
_____

**Basis for the claim:**
Wages, Salaries, Commissions

**Last 4 digits of account number** _____

**Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) ( 4 )**

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**2.6  Priority creditor's name and mailing address**
Daisy Navarro
12 Circle Drive
Fairfield, CA, 94533

$ 0.00    $

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**
_____

**Basis for the claim:**
Wages, Salaries, Commissions

**Last 4 digits of account number** _____

**Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) ( 4 )**

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**2.7  Priority creditor's name and mailing address**
David Yusuf
316 Pittman Road
Fairfield, CA, 94534

$ 0.00    $

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Wages, Salaries, Commissions

**Date or dates debt was incurred**
_____

**Last 4 digits of account number** _____

**Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) ( 4 )**

**Is the claim subject to offset?**
☑ No
☐ Yes

<span style="color:red">Case: 22-30258  Doc# 1  Filed: 05/25/22  Entered: 05/25/22 10:43:11  Page 45 of 81</span>

Debtor    Hansaben Investments, LLC, a California Limited Liability Company
_____
Name

Case number (if known)_____

# Part 1.    Additional Page

Copy this page if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional PRIORITY creditors exist, do not fill out or submit this page.

Total claim                    Priority amount

2.8  **Priority creditor's name and mailing address**

Employment Development Department
Bankruptcy Unit MIC 92E
P O Box 826880
Sacramento, CA, 94280-001

$ Unknown              $ _____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

_____

**Basis for the claim:**

Taxes & Other Government Units

**Last 4 digits of account number**  _____

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) ( 8 )**

☑ No
☐ Yes

---

2.9  **Priority creditor's name and mailing address**

Franchise Tax Board
Bankruptcy Section, MS A-340
P. O. Box 2952
Sacramento, CA, 95812-2952

$ Unknown              $ _____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

_____

**Basis for the claim:**

Taxes & Other Government Units

**Last 4 digits of account number**  _____

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) ( 8 )**

☑ No
☐ Yes

---

2.10  **Priority creditor's name and mailing address**

Internal Revenue Service
P O Box 7346
Philadelphia, PA, 19101-7346

$ Unknown              $ _____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

_____

**Basis for the claim:**

Taxes & Other Government Units

**Last 4 digits of account number**  _____

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) ( 8 )**

☑ No
☐ Yes

---

2.11  **Priority creditor's name and mailing address**

Ivy Holland
109 Maple Street
Vacaville, CA, 95688

$ 0.00              $ _____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

_____

**Basis for the claim:**

Wages, Salaries, Commissions

**Last 4 digits of account number**  _____

**Is the claim subject to offset?**

**Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) ( 4 )**

☑ No
☐ Yes

---

Case: 22-30258    Doc# 1    Filed: 05/25/22    Entered: 05/25/22 10:43:11    Page 46 of 81

## Part 1.    Additional Page

| Copy this page if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional PRIORITY creditors exist, do not fill out or submit this page. | Total claim | Priority amount |
|---|---|---|

**2.12**   **Priority creditor's name and mailing address**

Ma'Kala Freeman
226 Mayfair Ave
Vallejo, CA, 94591

$ 0.00     $ _____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

_____

**Basis for the claim:**

Wages, Salaries, Commissions

**Last 4 digits of account number** _____

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( 4 )

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**2.13**   **Priority creditor's name and mailing address**

Mangamma Yarapaathineni
4657 Contralto

Fairfield, CA, 94534

$ 0.00     $ _____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

_____

**Basis for the claim:**

Wages, Salaries, Commissions

**Last 4 digits of account number** _____

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( 4 )

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**2.14**   **Priority creditor's name and mailing address**

Maria Sosa
700 Travis Blvd
Fairfield, CA, 94533

$ 0.00     $ _____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

_____

**Basis for the claim:**

Wages, Salaries, Commissions

**Last 4 digits of account number** _____

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( 4 )

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**2.15**   **Priority creditor's name and mailing address**

Morgan Gomes-Thorton
708 Bella Vista
Suisun City, CA, 94585

$ 0.00     $ _____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

_____

**Basis for the claim:**

Wages, Salaries, Commissions

**Last 4 digits of account number** _____

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( 4 )

**Is the claim subject to offset?**
☑ No
☐ Yes

Case: 22-30258    Doc# 1    Filed: 05/25/22    Entered: 05/25/22 10:43:11    Page 47 of 81

## Part 1.    Additional Page

| Copy this page if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional PRIORITY creditors exist, do not fill out or submit this page. | Total claim | Priority amount |
|---|---|---|

**2.16** **Priority creditor's name and mailing address**
Paul Reason
1324 Cleveland Street
Fairfield, CA, 94533

$ 0.00      $ _____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**
_____

**Basis for the claim:**
Wages, Salaries, Commissions

**Last 4 digits of account number** _____

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( 4 )

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**2.17** **Priority creditor's name and mailing address**
Richard Beaver
416 Union Ave
Fairfield, CA, 94533

$ 0.00      $ _____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**
_____

**Basis for the claim:**
Wages, Salaries, Commissions

**Last 4 digits of account number** _____

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( 4 )

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**2.18** **Priority creditor's name and mailing address**
Sara Pineda Martinez
1218 Washington Street
Fairfield, CA, 94533

$ 0.00      $ _____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**
_____

**Basis for the claim:**
Wages, Salaries, Commissions

**Last 4 digits of account number** _____

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( 4 )

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**2.19** **Priority creditor's name and mailing address**
Schechinah Pritchard
432 South Orchard Ave
Vacaville, CA, 95688

$ 0.00      $ _____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Wages, Salaries, Commissions

**Date or dates debt was incurred**
_____

**Last 4 digits of account number** _____

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( 4 )

**Is the claim subject to offset?**
☑ No
☐ Yes

Case: 22-30258    Doc# 1    Filed: 05/25/22    Entered: 05/25/22 10:43:11    Page 48 of 81

## Part 1.   Additional Page

| Copy this page if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional PRIORITY creditors exist, do not fill out or submit this page. | Total claim | Priority amount |
|---|---|---|

**2.20** **Priority creditor's name and mailing address**

Shaun D. Jones
633 Pedoit Place
Fairfield, CA, 94534

$ 0.00     $ _____

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**
_____

**Last 4 digits of account number** _____

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( 4 )

Basis for the claim:
Wages, Salaries, Commissions

Is the claim subject to offset?
☑ No
☐ Yes

---

**2.21** **Priority creditor's name and mailing address**

Spenser Davis
1431 Catlin Court
Fairfield, CA, 94534

$ 0.00     $ _____

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**
_____

**Last 4 digits of account number** _____

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( 4 )

Basis for the claim:
Wages, Salaries, Commissions

Is the claim subject to offset?
☑ No
☐ Yes

---

**2.22** **Priority creditor's name and mailing address**

Teresa Contreras Hernandez
1806 New Jersey Street
Fairfield, CA, 94533

$ 0.00     $ _____

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**
_____

**Last 4 digits of account number** _____

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( 4 )

Basis for the claim:
Wages, Salaries, Commissions

Is the claim subject to offset?
☑ No
☐ Yes

---

**2.23** **Priority creditor's name and mailing address**

US Small Business Administration
Attn: District Counsel
455 Market Street, Suite 600
San Francisco, CA, 94105

$ Unknown     $ _____

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**
_____

**Last 4 digits of account number** _____

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( 8 )

Basis for the claim:
Taxes & Other Government Units

Is the claim subject to offset?
☑ No
☐ Yes

Case: 22-30258    Doc# 1    Filed: 05/25/22    Entered: 05/25/22 10:43:11    Page 49 of 81

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|

**3.1** **Nonpriority creditor's name and mailing address**
AMTRUST NORTH AMERICA INC
3400 Cumberland Boulevard

Atlanta, GA, 30339

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Suppliers or Vendors

$ Unknown

**Date or dates debt was incurred** _____

**Last 4 digits of account number** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.2** **Nonpriority creditor's name and mailing address**
Area Financial Services
82 N Main Street
Milpitas, CA, 95035

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$ Unknown

**Date or dates debt was incurred** _____

**Last 4 digits of account number** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.3** **Nonpriority creditor's name and mailing address**
Armaan Investments LLC
458 33rd Avenue
San Francisco, CA, 94121

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$ Unknown

**Date or dates debt was incurred** _____

**Last 4 digits of account number** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.4** **Nonpriority creditor's name and mailing address**
AT&T Corporation
P.O. Box 62414

Baltimore, MD, 21264-2414

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Telephone / Internet services

$ 117.70

ESTIMATED

**Date or dates debt was incurred** _____

**Last 4 digits of account number** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.5** **Nonpriority creditor's name and mailing address**
AV Residence LLC
458 33rd Avenue
San Francisco, CA, 94121

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$ Unknown

**Date or dates debt was incurred** _____

**Last 4 digits of account number** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.6** **Nonpriority creditor's name and mailing address**
Bhavesh Patel
458 33rd Avenue
San Francisco, CA, 94121

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$ Unknown

**Date or dates debt was incurred** _____

**Last 4 digits of account number** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

---

Case: 22-30258   Doc# 1   Filed: 05/25/22   Entered: 05/25/22 10:43:11   Page 50 of 81

| Debtor | Hansaben Investments, LLC, a California Limited Liability Company | Case number (if known) _____ |
|---|---|---|
| | Name | |

## Part 2: Additional Page

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

---

**3.7** Nonpriority creditor's name and mailing address

BJH Investments LLC
458 33rd Avenue
San Francisco, CA, 94121

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred** _____

**Last 4 digits of account number** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

$ Unknown

---

**3.8** Nonpriority creditor's name and mailing address

Booking.com
8100 SW Nyberg Street, Suite 350
Lockbox 223067
Tualatin, OR, 97062

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Services

**Date or dates debt was incurred** _____

**Last 4 digits of account number** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

$ 2,265.87

ESTIMATED

---

**3.9** Nonpriority creditor's name and mailing address

City of Fairfield
1000 Webster Street
Fairfield, CA, 94533

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred** _____

**Last 4 digits of account number** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

$ 305,209.00

---

**3.10** Nonpriority creditor's name and mailing address

City of Fairfield
1000 Webster Street
Fairfield, CA, 94533

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Utility Services

**Date or dates debt was incurred** _____

**Last 4 digits of account number** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

$ 1,436.96

ESTIMATED

---

**3.11** Nonpriority creditor's name and mailing address

Comcast
9601 E Panarama Circle
Englewood, CO, 80112

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Cable / Satellite Services

**Date or dates debt was incurred** _____

**Last 4 digits of account number** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

$ 924.07

ESTIMATED

---

Case: 22-30258   Doc# 1   Filed: 05/25/22   Entered: 05/25/22 10:43:11   Page 51 of 81

Official Form 206E/F          Schedule E/F: Creditors Who Have Unsecured Claims          page 8 of 18

Debtor    Hansaben Investments, LLC, a California Limited Liability Company
          _____
          Name

Case number (if known)_____

## Part 2:    Additional Page

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

**3.12**    Nonpriority creditor's name and mailing address

Dannys Pool Service &Repair
1751 Bruce Street

Anderson, CA, 96007

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Suppliers or Vendors

$ Unknown

**Date or dates debt was incurred** _____

**Last 4 digits of account number** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.13**    Nonpriority creditor's name and mailing address

Dish Network Corp
3100 Interstate North Cir. SE Ste 500
PO BOX 3796
Atlanta, GA, 30339-2227

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Cable / Satellite Services

$ 669.08

ESTIMATED

**Date or dates debt was incurred** _____

**Last 4 digits of account number** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.14**    Nonpriority creditor's name and mailing address

Dream Ride Elevator
4780 E 2nd Street
Benicia, CA, 94510

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$ Unknown

**Date or dates debt was incurred** _____

**Last 4 digits of account number** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.15**    Nonpriority creditor's name and mailing address

Ecolab Inc
PO BOX 997300

Sacramento, CA, 95899-7300

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Services

$ 330.43

ESTIMATED

**Date or dates debt was incurred** _____

**Last 4 digits of account number** 0414

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.16**    Nonpriority creditor's name and mailing address

EG Hospitality
458 33rd Avenue
San Francisco, CA, 94121

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$ Unknown

**Date or dates debt was incurred** _____

**Last 4 digits of account number** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

| Debtor | Hansaben Investments, LLC, a California Limited Liability Company | Case number (if known) _____ |
|---|---|---|
| | Name | |

## Part 2: Additional Page

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

---

**3. 17** Nonpriority creditor's name and mailing address

Expedia Group Inc
5915 Landerbrook Drive Suite 300

Mayfield Heights, OH, 44124

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Suppliers or Vendors

Is the claim subject to offset?
☑ No
☐ Yes

$ Unknown

Date or dates debt was incurred _____

Last 4 digits of account number _____

---

**3. 18** Nonpriority creditor's name and mailing address

Golden Malted
2901 Industrial Ct.
PO BOX
Fairfield, CA, 94533-650000

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Suppliers or Vendors

Is the claim subject to offset?
☑ No
☐ Yes

$ Unknown

Date or dates debt was incurred _____

Last 4 digits of account number _____

---

**3. 19** Nonpriority creditor's name and mailing address

Hd Supply Inc
800 Superior Avenue E
PO BOX 6939
Cleveland, OH, 44114

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Suppliers or Vendors

Is the claim subject to offset?
☑ No
☐ Yes

$ 1,233.40

ESTIMATED

Date or dates debt was incurred _____

Last 4 digits of account number _____

---

**3. 20** Nonpriority creditor's name and mailing address

Hitesh Investments LLC
458 33rd Avenue
San Francisco, CA, 94121

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:

Is the claim subject to offset?
☑ No
☐ Yes

$ Unknown

Date or dates debt was incurred _____

Last 4 digits of account number _____

---

**3. 21** Nonpriority creditor's name and mailing address

Hue and Cry Inc.
1030 Roosevelt St.

Fairfield, CA, 94533

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Suppliers or Vendors

Is the claim subject to offset?
☑ No
☐ Yes

$ Unknown

Date or dates debt was incurred _____

Last 4 digits of account number _____

---

Case: 22-30258   Doc# 1   Filed: 05/25/22   Entered: 05/25/22 10:43:11   Page 53 of 81

| Debtor | Hansaben Investments, LLC, a California Limited Liability Company | Case number (if known)_____ |
|---|---|---|
| | Name | |

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

**3.** 22   **Nonpriority creditor's name and mailing address**

Karma & Dharma Investments LLC
458 33rd Avenue
San Francisco, CA, 94121

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$ Unknown

Date or dates debt was incurred _____

Last 4 digits of account number _____

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.** 23   **Nonpriority creditor's name and mailing address**

Kinny Hotel LLC
458 33rd Avenue
San Francisco, CA, 94121

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$ Unknown

Date or dates debt was incurred _____

Last 4 digits of account number _____

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.** 24   **Nonpriority creditor's name and mailing address**

La Quinta Franchising
22 Sylvan Way
Parsippany, NJ, 07054

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Services

$ 151,991.09

Date or dates debt was incurred _____Various_____

Last 4 digits of account number _____

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.** 25   **Nonpriority creditor's name and mailing address**

Leslie's Pool Supplies Inc.
1390 Enclave Pkwy

Houston, TX, 77077

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Suppliers or Vendors

$ Unknown

Date or dates debt was incurred _____

Last 4 digits of account number _____

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.** 26   **Nonpriority creditor's name and mailing address**

Naik Vijay
Hotel Capital Funding
1000 SE Bristol Street
Newport Beach, CA, 92660

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$ Unknown

Date or dates debt was incurred _____

Last 4 digits of account number _____

**Is the claim subject to offset?**
☑ No
☐ Yes

## Part 2: Additional Page

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

**3.27** Nonpriority creditor's name and mailing address

Onity Inc.
800 Connecticut Ave

Norwalk, CT, 6854

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Suppliers or Vendors

$ <u>Unknown</u>

**Is the claim subject to offset?**
☑ No
☐ Yes

Date or dates debt was incurred _____

Last 4 digits of account number _____

---

**3.28** Nonpriority creditor's name and mailing address

PG&E
c/o Brian M Wong
77 Beal Street
San Francisco, CA, 94105

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Utility Services

$ 6,248.00

ESTIMATED

**Is the claim subject to offset?**
✓ No
☐ Yes

Date or dates debt was incurred _____

Last 4 digits of account number _____

---

**3.29** Nonpriority creditor's name and mailing address

Prithvi Investments LLC
458 33rd Avenue
San Francisco, CA, 94121

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$ <u>Unknown</u>

**Is the claim subject to offset?**
✓ No
☐ Yes

Date or dates debt was incurred _____

Last 4 digits of account number _____

---

**3.30** Nonpriority creditor's name and mailing address

Reena Patel
458 33rd Avenue
San Francisco, CA, 94121

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$ <u>Unknown</u>

**Is the claim subject to offset?**
☑ No
☐ Yes

Date or dates debt was incurred _____

Last 4 digits of account number _____

---

**3.31** Nonpriority creditor's name and mailing address

Republic Services Inc
4101 William Richardson Drive

South Bend, IN, 46628

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Services

$ 897.58

ESTIMATED

**Is the claim subject to offset?**
✓ No
☐ Yes

Date or dates debt was incurred _____

Last 4 digits of account number _____

## Part 2: Additional Page

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

---

**3.**32  **Nonpriority creditor's name and mailing address**

Roto Rooter
255 E. 5th Street, 2500 Chemed Center
PO BOX 2827
Cincinnati, OH, 45202

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Services

**Is the claim subject to offset?**
☑ No
☐ Yes

Date or dates debt was incurred  _____

Last 4 digits of account number  _____

$ Unknown

---

**3.**33  **Nonpriority creditor's name and mailing address**

Royal Cup Inc.
162 Harbor Court

Pittsburg, CA, 94534

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Suppliers or Vendors

**Is the claim subject to offset?**
☑ No
☐ Yes

Date or dates debt was incurred  _____

Last 4 digits of account number  _____

$ Unknown

---

**3.**34  **Nonpriority creditor's name and mailing address**

Ruda Investments LLC
458 33rd Avenue
San Francisco, CA, 94121

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**
☑ No
☐ Yes

Date or dates debt was incurred  _____

Last 4 digits of account number  _____

$ Unknown

---

**3.**35  **Nonpriority creditor's name and mailing address**

Sahara Enterprises LLC
458 33rd Avenue
San Francisco, CA, 94121

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**
☑ No
☐ Yes

Date or dates debt was incurred  _____

Last 4 digits of account number  _____

$ Unknown

---

**3.**36  **Nonpriority creditor's name and mailing address**

Sai Ram Investments, LLC
458 33rd Avenue
San Francisco, CA, 94121

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**
☑ No
☐ Yes

Date or dates debt was incurred  _____

Last 4 digits of account number  _____

$ Unknown

---

## Part 2: Additional Page

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

**3.37** Nonpriority creditor's name and mailing address

Shivaa Investments LLC
458 33rd Avenue
San Francisco, CA, 94121

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:

Date or dates debt was incurred _____

Last 4 digits of account number _____

Is the claim subject to offset?
☒ No
☐ Yes

$ _Unknown_____

---

**3.38** Nonpriority creditor's name and mailing address

Shrinika Investments LLC
458 33rd Avenue
San Francisco, CA, 94121

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:

Date or dates debt was incurred _____

Last 4 digits of account number _____

Is the claim subject to offset?
☑ No
☐ Yes

$ _Unknown_____

---

**3.39** Nonpriority creditor's name and mailing address

State Chemical Solutions
333 108th Avenue Ne

Bellevue, WA, 98004

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Suppliers or Vendors

Date or dates debt was incurred _____

Last 4 digits of account number _____

Is the claim subject to offset?
☑ No
☐ Yes

$ _Unknown_____

---

**3.40** Nonpriority creditor's name and mailing address

Sysco Corp
2005 E. Indian School Road
PO BOX
Phoenix, AZ, 85016

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Suppliers or Vendors

Date or dates debt was incurred _____

Last 4 digits of account number _____

Is the claim subject to offset?
☒ No
☐ Yes

$ _Unknown_____

---

**3.41** Nonpriority creditor's name and mailing address

Taylor Houseman
160 Cleage Drive

Birmingham, AL, 35217

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Services

Date or dates debt was incurred _____

Last 4 digits of account number _____

Is the claim subject to offset?
☑ No
☐ Yes

$ _Unknown_____

---

Official Form 206E/F                Schedule E/F: Creditors Who Have Unsecured Claims                page 14 of 18

## Part 2:   Additional Page

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

**3.42** | **Nonpriority creditor's name and mailing address**

Telepacific Communications
515 Flower Street
47th Floor
Los Angeles, CA, 90071

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Telephone / Internet services

$ 1,240.06

ESTIMATED

**Is the claim subject to offset?**
☑ No
☐ Yes

Date or dates debt was incurred _____

Last 4 digits of account number _____

---

**3.43** | **Nonpriority creditor's name and mailing address**

Thyssenkrupp Elevator Corporation
9601 S. Meridian Blvd.

Englewood, CO, 80112

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Services

$ Unknown

**Is the claim subject to offset?**
☑ No
☐ Yes

Date or dates debt was incurred _____

Last 4 digits of account number _____

---

**3.44** | **Nonpriority creditor's name and mailing address**

Viraaj Investments LLC
458 33rd Avenue
San Francisco, CA, 94121

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$ Unknown

**Is the claim subject to offset?**
☑ No
☐ Yes

Date or dates debt was incurred _____

Last 4 digits of account number _____

---

**3.45** | **Nonpriority creditor's name and mailing address**

WebbMason Marketing
One Att Way

Bedminster, NJ, 7921

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Services

$ Unknown

**Is the claim subject to offset?**
☑ No
☐ Yes

Date or dates debt was incurred _____

Last 4 digits of account number _____

---

**3.46** | **Nonpriority creditor's name and mailing address**

Wells Fargo Business Elite Card
P O Box 29482
Phoenix, AZ, 85038-8650

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Credit Card Debt

$ 1,520.03

**Is the claim subject to offset?**
☑ No
☐ Yes

Date or dates debt was incurred     Various

Last 4 digits of account number     1352

## Part 2:  Additional Page

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
| --- | --- |

---

**3.** 47  **Nonpriority creditor's name and mailing address**

Wells Fargo SBL
P O Box 29482
Phoenix, AZ, 85038-8650

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Credit Card Debt

$ 14,451.23

| Date or dates debt was incurred | Various | **Is the claim subject to offset?** |
| --- | --- | --- |
| Last 4 digits of account number | 6213 | ☑ No  ☐ Yes |

---

**3.____**  **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$ _____

| Date or dates debt was incurred | _____ | **Is the claim subject to offset?** |
| --- | --- | --- |
| Last 4 digits of account number | _____ | ☐ No  ☐ Yes |

---

**3.____**  **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$ _____

| Date or dates debt was incurred | _____ | **Is the claim subject to offset?** |
| --- | --- | --- |
| Last 4 digits of account number | _____ | ☐ No  ☐ Yes |

---

**3.____**  **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$ _____

| Date or dates debt was incurred | _____ | **Is the claim subject to offset?** |
| --- | --- | --- |
| Last 4 digits of account number | _____ | ☐ No  ☐ Yes |

---

**3.____**  **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$ _____

| Date or dates debt was incurred | _____ | **Is the claim subject to offset?** |
| --- | --- | --- |
| Last 4 digits of account number | _____ | ☐ No  ☐ Yes |

---

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   **If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| | Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1. | City of Fairfield c/o City Clerk Karen L. Rees<br>1000 Webster Street<br>Fairfield, CA, 94533 | Line 3.9<br>☐ Not listed. Explain: | _____ |
| 4.2. | City of Fairfield c/o City Clerk Karen L. Rees<br>1000 Webster Street<br>Fairfield, CA, 94533 | Line 3.10<br>☐ Not listed. Explain | _____ |
| 4.3. | Wells Fargo Bank National Association<br>c/o CSC Lawyers Incorporating Service<br>2710 Gateway Oaks Dr., #150N<br>Sacramento, CA, 95833 | Line 3.47<br>☐ Not listed. Explain | 6213 |
| 4.4. | | Line _____<br>☐ Not listed. Explain | _____ |
| 41. | | Line _____<br>☐ Not listed. Explain | _____ |
| 4.5. | | Line _____<br>☐ Not listed. Explain | _____ |
| 4.6. | | Line _____<br>☐ Not listed. Explain | _____ |
| 4.7. | | Line _____<br>☐ Not listed. Explain | _____ |
| 4.8. | | Line _____<br>☐ Not listed. Explain | _____ |
| 4.9. | | Line _____<br>☐ Not listed. Explain | _____ |
| 4.10. | | Line _____<br>☐ Not listed. Explain | _____ |
| 4.11. | | Line _____<br>☐ Not listed. Explain | _____ |

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---------|------|

5. **Add the amounts of priority and nonpriority unsecured claims.**

|  |  |  | **Total of claim amounts** |
|---|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | | $ 0.00 |
| 5b. **Total claims from Part 2** | 5b. | **+** | $ 488,534.50 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | | $ 488,534.50 |

**Fill in this information to identify the case:**

Debtor name    Hansaben Investments, LLC, a California Limited Liability Company

United States Bankruptcy Court for the:   Northern District of California

Case number (If known):    _____    Chapter   11

☐ Check if this is an
amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | Franchise Agreement Purchaser | La Quinta Franchising LLC, a Nevada limited liability company 909 Hidden Ridge Suite 600 Irving, TX, 75038 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | Elevator Contract with ThyssenKrupp Elevator Purchaser | ThyssenKrupp Elevator (TK Elevator) 940 Riverside Parkway Suite 20 West Sacramento, CA, 95605 |
| | State the term remaining | 28 days | |
| | List the contract number of any government contract | | |
| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | Telephone contract Purchaser | TelePacific Communications 515 S Flower Street 47th Floor Los Angeles, CA, 90071 |
| | State the term remaining | 10 months | |
| | List the contract number of any government contract | | |
| 2.4 | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2.5 | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |

**Fill in this information to identify the case:**

Debtor name ___Hansaben Investments, LLC, a California Limited Liability Company___

United States Bankruptcy Court for the: ___Northern District of California___

Case number (If known): _____

☐ Check if this is an
amended filing

## Official Form 206H

## Schedule H: Codebtors                                            12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1 Hitesh Patel | Hitesh Patel<br>458 33rd Avenue<br>San Francisco, CA 94121<br><br>Personal Guarantee | Small Business Administration | ☑ D<br>☐ E/F<br>☐ G |
| 2.2 | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.3 | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.4 | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.5 | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.6 | | | ☐ D<br>☐ E/F<br>☐ G |

**United States Bankruptcy Court**

IN RE:                                                    Case No._____

Hansaben Investments, LLC, a California Limited Liability Company
_____    Chapter _____

## LIST OF EQUITY SECURITY HOLDERS

| Registered name and last known address of security holder | Shares (Or Percentage) | Security Class (or kind of interest) |
|---|---|---|
| Hitesh Patel<br>458 33rd Avenue, San Francisco, CA 94121 | 82 | Managing member |
| Bhavesh Patel<br>458 33rd Avenue, San Francisco, CA 94121 | 9 | |
| Reena Patel<br>458 33rd Avenue, San Francisco, CA 94121 | 9 | |

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☑ *Schedule H: Codebtors* (Official Form 206H)
- ☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration   List of Equity Security Holders _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05/25/2022      ✘   /s/ Hitesh Patel _____
          MM / DD / YYYY         Signature of individual signing on behalf of debtor

                             Hitesh Patel _____
                             Printed name

                             Manager of Hansaben Investments, LLC _____
                             Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name   **Hansaben Investments, LLC a California Limited Liability Company**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF CALIFORNIA

Case number

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy          04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:    Income**

1.  **Gross revenue from business**

    ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From  **1/01/2022** to **05/19/2022** | ■ Operating a business<br>☐ Other | **$453,755.95** |
| **For prior year:**<br>From  **1/01/2021** to **12/31/2021** | ■ Operating a business<br>☐ Other | **$1,512,186.94** |
| **For year before that:**<br>From  **1/01/2020** to **12/31/2020** | ■ Operating a business<br>☐ Other | **$1,276,611.96** |

2.  **Non-business revenue**
    Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

    ☐ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From  **1/01/2022** to **Filing Date** | | **$0.00** |

**Part 2:    List Certain Transfers Made Before Filing for Bankruptcy**

3.  **Certain payments or transfers to creditors within 90 days before filing this case**
    List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

Case: 22-30258   Doc# 1   Filed: 05/25/22   Entered: 05/25/22 10:43:11   Page 66 of 81

☐ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| 3.1.   **La Quinta Franchising**<br>**22 Sylvan Way**<br>**Parsippany, NJ 07054** | | $128,000.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>■ Other **Franchise Fees** |
| 3.2.   **Meister Seelig & Fein LLP**<br>**125 Park Avenue 7th Floor**<br>**New York, NY 10017** | 03/25/2022 | $20,553.19 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other___ |
| 3.3.   **PG&E**<br>**1 Ecolab Place**<br>**Saint Paul, MN 55102** | | $17,117.22 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other___ |
| 3.4.   **Dream Ride Elevator**<br>**4780 E 2nd Street**<br>**Benicia, CA 94510** | | $8,391.85 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other___ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☐ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1.   **AV Residence LLC**<br>**458 33rd Avenue**<br>**San Francisco, CA 94121**<br>**Hitesh owns 50%, Bhavesh owns 25%,**<br>**Reene owns 25%** | 06/15/2021<br>07/15/2021<br>09/22/2021<br>09/27/2021 | $37,914.00 | **Open loans between companies as explained in the Omnibus Declaration of Hansaben LLC. During the same period $1500 was received by Hansaben LLC.** |

Case: 22-30258    Doc# 1    Filed: 05/25/22    Entered: 05/25/22 10:43:11    Page 67 of 81

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.2. | **Prithvi Investments LLC**<br>**458 33rd Avenue**<br>**San Francisco, CA 94121**<br>**Bhavesh owns 50%, Reene owns 50%** | 05/13/2022<br>04/05/2022<br>02/08/2022<br>01/18/2022<br>01/11/2022<br>12/16/2021<br>11/24/2021<br>11/12/2021<br>10/08/2021<br>08/25/2021<br>07/13/2021<br>07/12/2021<br>07/02/2021<br>07/01/2021<br>06/17/2021<br>06/10/2021<br>06/08/2021<br>05//26/2021 | **$182,743.00** | **Open loans between companies as explained in the Omnibus Declaration of Hansaben LLC. During the same period $38,750 was received by Hansaben LLC.** |
| 4.3. | **Karma & Dharma Investments LLC**<br>**458 33rd Avenue**<br>**San Francisco, CA 94121**<br>**Hitesh owns 9% and Bhavesh owns 9%** | 03/18/2022<br>03/15/2022<br>02/25/2022<br>01/18/2022<br>01/19/2021<br>07/13/2021<br>07/06/2021<br>06/30/2021<br>06/23/2021 | **$417,332.93** | **Open loans between companies as explained in the Omnibus Declaration of Hansaben LLC. During the same period $147,600 was received by Hansaben LLC.** |
| 4.4. | **Rudra Investments LLC**<br>**458 33rd Avenue**<br>**San Francisco, CA 94121**<br>**Hitesh Patel owes 100%** | 04/05/2022<br>03/25/2022<br>02/02/2022<br>09/07/2021<br>08/31/2021<br>07/26/2021 | **$67,370.00** | **Open loans between companies as explained in the Omnibus Declaration of Hansaben LLC. During the same period $77,400 was received by Hansaben LLC.** |
| 4.5. | **Shrinika Investments LLC**<br>**458 33rd Avenue**<br>**San Francisco, CA 94121**<br>**Hitesh Patel owns 19% and Bhavesh Patel owns 81%** | 04/11/2022<br>03/01/2022<br>01/31/2022 | **$43,000.00** | **Open loans between companies as explained in the Omnibus Declaration of Hansaben LLC. During the same period $64,900 was received by Hansaben LLC.** |
| 4.6. | **Viraaj Investments LLC**<br>**458 33rd Avenue**<br>**San Francisco, CA 94121**<br>**Hitesh ownes 50%, Bhavesh owns 25% Renee owns 25%** | 05/17/2022<br>05/10/2022<br>04/12/2022<br>03/10/2022<br>03/09/2022<br>03/08/2022<br>03/07/2022<br>02/10/2022<br>01/18/2022<br>11/29/2021<br>10/13/2021<br>10/08/2021<br>09/15/2021<br>09/13/2021<br>08/02/2021<br>07/08/2021<br>06/21/2021<br>06/08/2021 | **$110,000.00** | **Open loans between companies as explained in the Omnibus Declaration of Hansaben LLC. During the same period $541,700 was received by Hansaben LLC.** |

5. **Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

| Part 3: | Legal Actions or Assignments |
|---|---|

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| | Case title / Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | City of Fairfield vs. Hansaben Investments LLC FCS056138 | Non-payment of Transient Occupancy | County of Solano Superior Court 580 Texas Street Fairfield, CA 94533 | ☐ Pending<br>☐ On appeal<br>■ Concluded |

8. **Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

| Part 4: | Certain Gifts and Charitable Contributions |
|---|---|

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

| Part 5: | Certain Losses |
|---|---|

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|

| Part 6: | Certain Payments or Transfers |
|---|---|

Case: 22-30258    Doc# 1    Filed: 05/25/22    Entered: 05/25/22 10:43:11    Page 69 of 81

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP 500 Capitol Mall Suite 2250 Sacramento, CA 95814** | | **04/2022** | **$60,000.00** |
| | Email or website address **www.ffwplaw.com** | | | |
| | Who made the payment, if not debtor? | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**

List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None.

| | Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | **New York Life Insurance Company 51 Madison Avenue New York, NY 10010** | Payment for Hansaben Patel Life Insurance - Beneficiaries are Hitesh Patel & Bhavesh Patel | **Various** | **$382,295.00** |
| | Relationship to debtor | | | |

---

**Part 7:** Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

**Part 8:** Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

Case: 22-30258    Doc# 1    Filed: 05/25/22    Entered: 05/25/22 10:43:11    Page 70 of 81

- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| | | |

## Part 9: Personally Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**

☐ No.
☑ Yes. State the nature of the information collected and retained.

**Name, address associated with credit card to make reservations withing the La Quinta franchisor's reservation system.**

Does the debtor have a privacy policy about that information?
☐ No
☑ Yes

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | **Wells Fargo Bank**<br>**P O Box 6995**<br>**Portland, OR 97228-6995** | **XXXX-8504** | ☐ Checking<br>☑ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | **07/13/2021** | **$0.00** |

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| | | | |

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

Case: 22-30258    Doc# 1    Filed: 05/25/22    Entered: 05/25/22 10:43:11    Page 71 of 81

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

---

**Part 11:**   **Property the Debtor Holds or Controls**          **Debtor Does Not Own**

21. **Property held for another**
    List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

---

**Part 12:**   **Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

■ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:**   **Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
    List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>**Dates business existed** |
|---|---|---|
| | | |

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Date of service<br>From-To |
|---|---|
| 26a.1. | **Area Financial Services**<br>**82 N Main Street**<br>**Milpitas, CA 95035** | **01/01/2014 - current** |

| Name and address | Date of service From-To |
|---|---|
| 26a.1. **Area Financial Services** **82 N Main Street** **Milpitas, CA 95035** | **01/01/2014 - current** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26b.1. **Area Financial Services** **82 N Main Street** **Milpitas, CA 95035** | **01/01/2014 - current** |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. **Hitesh Patel** **458 33rd Avenue** **San Francisco, CA 94121** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1. **Poppy Bank** **438 First Street** **Santa Rosa, CA 95401** |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ No
■ Yes. Give the details about the two most recent inventories.

| | Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|---|
| 27.1. | **Sarfraz Ahmed** | **05/12/2022** | **22,200.00 based on estimated market value** |
| | Name and address of the person who has possession of | | |
| | **Hitesh Patel** **458 33rd Avenue** **San Francisco, CA 94121** | | |

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Hitesh Patel | 458 33rd Avenue San Francisco, CA 94121 | Manager | 82 |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Bhavesh Patel | 458 33rd Avenue San Francisco, CA 94121 | Member | 9 |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Reene Patel | 458 33rd Avenue San Francisco, CA 94121 | Member | 9 |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

■ No
☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

■ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

■ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

Case: 22-30258   Doc# 1   Filed: 05/25/22   Entered: 05/25/22 10:43:11   Page 74 of 81

| Part 14: | Signature and Declaration |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    May 25, 2022

/s/ Hitesh Patel             Hitesh Patel

Signature of individual signing on behalf of the debtor      Printed name

Position or relationship to debtor    Manager of Hansaben Investments, LLC

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

■ No
☐ Yes

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF** California - Northern

In re Hansaben Investments, LLC, a
California Limited Liability Company

_____
(Debtor(s))

Case No. _____
Chapter 11

**CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)**

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate

possible disqualification or recusal, the undersigned counsel for Hansaben Investments, LLC, a
California Limited Liability

in the above captioned action, certifies that the following is a (are) corporation(s), other than the

debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the

corporation(s') equity interests, or states that there are no entities to report under FRBP 7007:

X None [check if applicable]

05/25/2022
_____
Date

/s/ Thomas Willoughby
_____
Statement of attorney or Litigant

United States Bankruptcy Court

Northern District of California

In re: Hansaben Investments, LLC, a California
Limited Liability Company

Case No.

Chapter 11

Debtor(s)

**Verification of Creditor Matrix**

The above-named Debtor(s) hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date: _____05/25/2022_____

_/s/ Hitesh Patel_
Signature of Individual signing on behalf of debtor

_Manager of Hansaben Investments, LLC_
Position or relationship to debtor

AMTRUST NORTH AMERICA INC
3400 Cumberland Boulevard
Atlanta, GA 30339

Anaa Rosa Sanchez
316 Pittman Road
Fairfield, CA 94534

Angel Flores
700 Travis Blvd
Fairfield, CA 94533

Area Financial Services
82 N Main Street
Milpitas, CA 95035

Armaan Investments LLC
458 33rd Avenue
San Francisco, CA 94121

Ashley Frazier
2999 North Texas Street
Apt 21
Fairfield, CA 94533

AT&T Corporation
P.O. Box 62414
Baltimore, MD 21264-2414

AV Residence LLC
458 33rd Avenue
San Francisco, CA 94121

Bhavesh Patel
458 33rd Avenue
San Francisco, CA 94121

BJH Investments LLC
458 33rd Avenue
San Francisco, CA 94121

Booking.com
8100 SW Nyberg Street, Suite 350
Lockbox 223067
Tualatin, OR 97062

California Department of Tax and Fee Administ
Account Information Group, MIC 29
P O Box 942879
Sacramento, CA 95279-0029

City of Fairfield
1000 Webster Street
Fairfield, CA 94533

City of Fairfield c/o City Clerk Karen L. Ree
1000 Webster Street
Fairfield, CA 94533

Clairess Wallace
633 Peridot Place
Fairfield, CA 94534

Comcast
9601 E Panarama Circle
Englewood, CO 80112

Daisy Navarro
12 Circle Drive
Fairfield, CA 94533

Dannys Pool Service &Repair
1751 Bruce Street
Anderson, CA 96007

David Yusuf
316 Pittman Road
Fairfield, CA 94534

Dish Network Corp
3100 Interstate North Cir. SE Ste 500
PO BOX 3796
Atlanta, GA 30339-2227

Dream Ride Elevator
4780 E 2nd Street
Benicia, CA 94510

Ecolab Inc
PO BOX 997300
Sacramento, CA 95899-7300

EG Hospitality
458 33rd Avenue
San Francisco, CA 94121

Employment Development Department
Bankruptcy Unit MIC 92E
P O Box 826880
Sacramento, CA 94280-001

Expedia Group Inc
5915 Landerbrook Drive Suite 300
Mayfield Heights, OH 44124

Franchise Tax Board
Bankruptcy Section, MS A-340
P. O. Box 2952
Sacramento, CA 95812-2952

Golden Malted
2901 Industrial Ct.
PO BOX
Fairfield, CA 94533-650000

Hd Supply Inc
800 Superior Avenue E
PO BOX 6939
Cleveland, OH 44114

Hitesh Investments LLC
458 33rd Avenue
San Francisco, CA 94121

Hitesh Patel
458 33rd Avenue
San Francisco, CA 94121

Hue and Cry Inc.
1030 Roosevelt St.
Fairfield, CA 94533

Internal Revenue Service
P O Box 7346
Philadelphia, PA 19101-7346

Ivy Holland
109 Maple Street
Vacaville, CA 95688

Karma & Dharma Investments LLC
458 33rd Avenue
San Francisco, CA 94121

Khalid Acheckzai
438 First Street
Santa Rosa, CA 95401

Kinny Hotel LLC
458 33rd Avenue
San Francisco, CA 94121

La Quinta Franchising
22 Sylvan Way
Parsippany, NJ 07054

La Quinta Franchising LLC, a Nevada limited l
909 Hidden Ridge
Suite 600
Irving, TX 75038

Leslie's Pool Supplies Inc.
1390 Enclave Pkwy
Houston, TX 77077

Ma'Kala Freeman
226 Mayfair Ave
Vallejo, CA 94591

Mangamma Yarapaathineni
4657 Contralto
Fairfield, CA 94534

Maria Sosa
700 Travis Blvd
Fairfield, CA 94533

Mitchell B. Greenberg
100 Stony Point Rd.
Suite 200
Santa Rosa, CA 95401

Morgan Gomes-Thorton
708 Bella Vista
Suisun City, CA 94585

Naik Vijay
Hotel Capital Funding
1000 SE Bristol Street
Newport Beach, CA 92660

Onity Inc.
800 Connecticut Ave
Norwalk, CT 6854

Paul Reason
1324 Cleveland Street
Fairfield, CA 94533

PG&E
c/o Brian M Wong
77 Beal Street
San Francisco, CA 94105

Poppy Bank
438 First Street
Santa Rosa, CA 95401

Prithvi Investments LLC
458 33rd Avenue
San Francisco, CA 94121

Reena Patel
458 33rd Avenue
San Francisco, CA 94121

Republic Services Inc
4101 William Richardson Drive
South Bend, IN 46628

Richard Beaver
416 Union Ave
Fairfield, CA 94533

Roto Rooter
255 E. 5th Street, 2500 Chemed Center
PO BOX 2827
Cincinnati, OH 45202

Royal Cup Inc.
162 Harbor Court
Pittsburg, CA 94534

Ruda Investments LLC
458 33rd Avenue
San Francisco, CA 94121

Sahara Enterprises LLC
458 33rd Avenue
San Francisco, CA 94121

Sai Ram Investments, LLC
458 33rd Avenue
San Francisco, CA 94121

Sara Pineda Martinez
1218 Washington Street
Fairfield, CA 94533

Schechinah Pritchard
432 South Orchard Ave
Vacaville, CA 95688

Shaun D. Jones
633 Pedoit Place
Fairfield, CA 94534

Shivaa Investments LLC
458 33rd Avenue
San Francisco, CA 94121

Shrinika Investments LLC
458 33rd Avenue
San Francisco, CA 94121

Small Business Administration
409 3rd Street SW
Washington, DC 20416

Solano County Treasurer
675 Texas Street, Suite 6500
Fairfield, CA 94533

Solano County Treasurer c/o Charles Lomelli
675 Texas St., Suite 6500
Fairfield, CA 94533

Spenser Davis
1431 Catlin Court
Fairfield, CA 94534

State Chemical Solutions
333 108th Avenue Ne
Bellevue, WA 98004

Sysco Corp
2005 E. Indian School Road
PO BOX
Phoenix, AZ 85016

Taylor Houseman
160 Cleage Drive
Birmingham, AL 35217

Telepacific Communications
515 Flower Street
47th Floor
Los Angeles, CA 90071

Teresa Contreras Hernandez
1806 New Jersey Street
Fairfield, CA 94533

ThyssenKrupp Elevator (TK Elevator)
940 Riverside Parkway
Suite 20
West Sacramento, CA 95605


Thyssenkrupp Elevator Corporation
9601 S. Meridian Blvd.
Englewood, CO 80112


US Small Business Administration
Attn:  District Counsel
455 Market Street, Suite 600
San Francisco, CA 94105


Viraaj Investments LLC
458 33rd Avenue
San Francisco, CA 94121


WebbMason Marketing
One Att Way
Bedminster, NJ 7921


Wells Fargo Bank National Association
c/o CSC Lawyers Incorporating Service
2710 Gateway Oaks Dr., #150N
Sacramento, CA 95833


Wells Fargo Business Elite Card
P O Box 29482
Phoenix, AZ 85038-8650


Wells Fargo SBL
P O Box 29482
Phoenix, AZ 85038-8650