THOMAS A. WILLOUGHBY, State Bar No. 137597
JASON E. RIOS, State Bar No. 190086
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
e-mail: twilloughby@ffwplaw.com
e-mail: jrios@ffwplaw.com

Proposed Attorneys for Hansaben Investments, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HANSABEN INVESTMENTS, LLC<br>a California Limited Liability Company<br><br>Debtor in Possession. | CASE NO.: 22-30258<br><br>Chapter 11<br><br>**[No Hearing Required]** |

**DECLARATION OF HITESH PATEL IN SUPPORT OF DEBTOR IN POSSESSION'S APPLICATION FOR ORDER FOR RELIEF FROM B.L.R. 9013-1 TO ALLOW OMNIBUS PLEADINGS; AND FOR ORDER SHORTENING TIME ON FIRST DAY MOTIONS**

I, Hitesh Patel, am the Manager of Hansaben Investments, LLC, a California Limited Liability Company, the debtor and debtor in possession ("Debtor in Possession" or "Hansaben LLC") in the above-referenced chapter 11 case (the "Case"), which owns and operates a sixty-room La Quinta Inn & Suites hotel in Fairfield, California (the "Subject Property" or the "Hotel"). I am generally familiar with the Hotel's operations, its business affairs, and its books and records. I can testify competently to the facts stated herein based on

///

personal knowledge or based on information received from employees or professionals of Hansaben LLC.

## I.

## OVERVIEW OF CHAPTER 11 CASE

1. On May 25, 2022 (the "Petition Date"), Hansaben LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Case").

**Background and History of Hotel and Family Business**:

1. Hansaben LLC's principal executive office is located at 458 33rd Ave., San Francisco, California.

2. The Hotel, in addition to renting the rooms on a per night basis, has a breakfast dining area, an outdoor pool, an outdoor whirlpool, a fitness room, a lobby workstation, a market pantry, and a guest laundry room. The Hotel has 64 parking spaces and operates under a license agreement with La Quinta Franchising LLC.

3. Hansaben LLC is one of eight Limited Liability Companies (the "Patel Hotel Entities") owned by the family of Jashvant and Hansaben Patel that own and operate 14 hotels in California (the "Patel Hotels"). Due to the significant interruption in business by the Covid Pandemic, three of the LLCs, including Prithvi Investments, LLC ("Prithvi LLC"), Rudra Investments, LLC ("Rudra LLC"), and Hansaben LLC, have been forced to file Chapter 11 to reorganize their debts (the "Patel Chapter 11 Entities").

4. The history of the Patel hotel business begins in 1980 when my parents, Jashvant and Hansaben Patel, leased the Fairfax Hotel. Over the years, Jashvant and Hansaben added multiple hotels to the family business and formed different entities to own them.

**Background of Management of Hotel**:

5. My brother, Bhavesh Patel, joined the family business in 2007, and I joined in 2012. My brother has a bachelor's degree in Marketing from the University of San Francisco, and I have a bachelor's degree in Finance from CSU East Bay. Before joining the family's hotel operations, I worked for Salesforce.

6. On October 19, 2019, my father, Jashvant Patel, passed away, and Bhavesh Patel and I took over many more responsibilities in the family's hotel operations.

7. I am the Manager of Hansaben LLC and Rudra LLC and, in anticipation of the Chapter 11 fillings, have been named President of Prithvi LLC. Bhavesh Patel is the Manager of the Prithvi LLC, as I have no ownership interest in Prithvi LLC.

8. In addition to my managerial duties, I directly manage the payroll and organize the monthly and analytical reports of operations for all the Patel Hotel Entities, including the Patel Chapter 11 Entities.

9. Bhavesh Patel performs marketing research and supervises business activities and property management for all the Patel Hotel Entities.

10. I have agreed to become the Designated Responsible Person pursuant to L.B.R. 4002-1 for all the Patel Chapter 11 Entities.

**Cash Flow Management Among Patel Hotel Entities**:

11. The schedules and statement of financial affairs on file herein detail certain transfers made to the Patel Hotel Entities over the past year. These transfers out of Hansaben LLC, and transfers back into the Hansaben LLC, have been routine over the entire period that I have managed the finances for the Patel Hotel Entities and are the functional equivalent of a working capital line of credit that helps the Patel Hotels manage variable cash flow. For example, while preparing the statement of financial affairs, we have listed all transfers out of the Hansaben LLC over the past twelve-month period in the amount of $1,336,130 to other Patel Hotel Entities. But, over the same period, Hansaben LLC received transfers from the other Patel Hotel Entities in the amount of $1,305,966.66, leaving a net outflow over this 12-month period of $30,163.07.

12. This analysis is preliminary and needs to be confirmed.

13. I will have a CPA perform such an accounting and submit it to the Court if our anticipated application to employ a CPA as a financial advisor is approved.

14. To assist the Hotel's cash flow during the Case, my brother and I intend to continue to accrue management fees and not seek to have them paid as part of the payroll motion or the cash collateral motion.

15. The above-described cash flow management process used by the Patel Hotel Entities is a crucial component of the operations of the Hotel. For example, Hansaben LLC enters the Case with only approximately $3,000 in cash. If there is a disruption in cash flow, the other family entities have historically been the backstop.

16. If Hansaben LLC encounters post-petition cash flow liquidity issues, it is possible that the Debtor in Possession will need transfers from other Patel Hotel Entities that have not filed for Chapter 11. But I understand that no transfers during the Case will be made by Hansaben LLC to or from any of the Patel Hotel Entities without Bankruptcy Court approval.

**Employees Priority Claims**

17. The Hotel currently employs eight employees. The estimated prepetition portion owed for the next payroll due on June 1, 2022, will be approximately $8,500 for wages and taxes/deductions in total and we estimated that 60% of that amount will be for the prepetition period. We will run a "ghost" payroll through May 24, 2022, and will be able to file a supplement detailing the first initial, last name, and prepetition amount due to each employee prior to the hearing on the First-Day Motions.

18. As described above, neither my brother nor I will be asking for management fees either through payroll or directly as part of the prepetition payroll motion.

**Secured Claims:**

19. There is no cross-collateralization between the Patel Chapter 11 Entities, though Hansaben LLC and Prithvi LLC have Poppy Bank as their primary secured bank lender, though other connections do exist such as: (a) Hansaben LLC and Prithvi LLC have Poppy Bank as their primary secured bank lender and (b) I, Reena Patel and Bhavesh Patel are involved in litigation with Access Point, a lender to Prithvi LLC, involving a pledge of our membership interests in Hansaben LLC to secure an Access Point loan.

20. Hansaben LLC's main creditor is Poppy Bank, which is owed $4,450,000 (estimated) on loan secured by a first-priority deed of trust, and $2,672,464.96 (estimated) on a second loan secured by a second priority deed of trust. In addition to the deeds of trust on the Subject Property, Poppy Bank asserts a blanket security interest in Hansaben LLC's personal

property, including accounts, and filed a UCC-1 financing statement with the California Secretary of State on June 28, 2018 (Document No 71243290003) to perfect such interest.

21. Hansaben LLC has also obtained a United States Small Business Administration ("SBA") loan in the amount of $537,500, which is also secured by a blanket security interest in Hansaben LLC's tangible and intangible personal property. The SBA filed a UCC-1 financing statement with the California Secretary of State on December 30, 2020 (Document No U20004006016) to perfect such interest.

22. Because the Poppy Bank financing statement was filed before the SBA financing statement, I believe that Poppy Bank likely has a first-priority lien on the Debtor in Possession's personal property and its first-priority lien on the Hotel real property.

**Overview of Unsecured Claims**:

23. Excluding the unsecured insider debt for management fees and money potentially owed to other Patel Hotel Entities, there is approximately $500,000 in general unsecured debt owed to trade creditors, which includes past due franchise fees of $151,991.09, and amounts due under a settlement agreement with the City of Fairfield for $305,209.00.

**Reason for Filing Chapter 11 Case**:

24. The primary business cause of the Chapter 11 filing was the drastic reduction in room revenue over the past several years from the Covid pandemic. For example, the Hotel revenues were $1,772,494.09 in 2019, then fell to $1,276,611.96 during the first Covid year, 2020, and rose to $1,512,186.94 in 2021. I anticipate that 2022 will be significantly better as we continue to exit the Covid Pandemic.

25. The immediate cause for this Chapter 11 filing was the recordation of a notice of sale by Poppy Bank on one of its second priority deed of trust, with a nonjudicial foreclosure sale set for May 26, 2022, at 9:30 a.m.

**Estimated Value of Hotel**:

26. An appraisal dated February 12, 2018, valued the Subject Property at $8,500,000. I believe that the current value of the Subject Property has increased due to higher prospective room rates given inflation and the recent post-Covid uptick in travel; In my opinion, the Hotel's

current market value is $10,000,000. In addition to the anticipated room rate and occupancy increases, I also base this valuation on several recent sales of hotels in the vicinity of the Hotel, one a Hampton Inn and one a Motel 6. We have included funds in the cash collateral budget for a new appraisal if necessary.

**Goal for Chapter 11:**

27. The Debtor in Possession's goal of this Chapter 11 filing and the two concurrent filings by Prithvi, LLC, and Rudra LLC is to reorganize the obligations of the Patel Chapter 11 Hotels that were dramatically damaged by the Covid pandemic and to pay all creditors in full with interest over time.

## II.
## FACTS IN SUPPORT OF APPLICATION FOR RELIEF FROM B.L.R. 9013-1 TO ALLOW OMNIBUS PLEADINGS; FOR ORDER SHORTENING TIME ON FIRST-DAY MOTIONS

28. I am concerned about the cost of Chapter 11 for all three Patel Chapter 11 Hotel Entities. In an attempt to reduce administrative expense and avoid duplication, we have entered into a common interest agreement between the separate counsel for the Patel Chapter 11 Hotels, and our practice will be to have one hotel's counsel take the lead on drafting the first draft of common pleadings that generally will be equally applicable to the other cases. Of course, the different entities face separate issues, and each lawyer will review the pleadings for accuracy and modify before filing.

29. Similar to our attempt to reduce cost by avoiding duplication between the three Patel Chapter 11 Entities, allowing an omnibus notice and declaration promotes the economic administration of this Case and eliminates significant service and drafting costs in three separate cases. I respectfully request that the Court authorize this slight deviation from its Local Rules.

30. Additionally, scheduling the briefing schedules and hearing schedules among the Patel Chapter 11 Entities cases will reduce the burden on me having to attend multiple hearings and parties who will need to or wish to participate in hearings in all three cases.

//

//

## III.
## FACTS IN SUPPORT OF APPLICATION FOR ORDER SHORTENING TIME ON FIRST-DAY MOTIONS

**Cash Collateral Motion**:

31. Hansaben LLC derives its income from hotel room revenues, which include multiple services in addition to temporary occupancy of a room, such as housekeeping services, condiments, and breakfast food and drinks (collectively, the "Hotel Services").

32. I understand that the hotel revenues from the Hotel Services are the cash collateral of Poppy Bank and the SBA.

33. The cash collateral motion will seek to use Hansaben LLC's cash collateral of both Poppy Bank and the SBA as provided in the budget attached as Exhibit A to this declaration (the "Budget").

34. Hansaben LLC needs to use cash collateral immediately to pay critical and necessary expenses of its operations, including payroll and related benefits and other operating expenses.

35. Payment of these expenses is needed immediately for Hansaben LLC to continue its operations and reorganize its business in accordance with the requirements of the United States Bankruptcy Code.

36. The cash collateral motion will offer Poppy Bank and the SBA immediate replacement liens in Hansaben LLC's cash collateral to the same extent, validity, scope, and priority as the prepetition liens held by Poppy Bank and the SBA, respectively, on the Petition Date.

37. In my years of experience in the operation of this Hotel and other hotels, the inability to have access to funds for several weeks, and especially not to pay employees, would have a devasting and negative impact on the business, which would be irreparably the creditors and the reorganization prospects for the Debtor in Possession.

**Payroll Motion**:

38. As a result of the bankruptcy filing, I understand that Hansaben LLC will be prohibited from paying or otherwise satisfying its pre-petition obligations to its employees as of

the Petition Date (the "Employees" or "Employee"), including its obligations under various wage, salary, retirement, healthcare, and other benefit programs including accrued vacation pay, employee deductions and employee expense reimbursements (the "Employee Obligations").

39. I also understand that deductions such as garnishments, support payments and employee pension plan, and flexible spending contributions, as well as money withheld by Hansaben LLC from Employees' paychecks on account of various federal, state, and local income, FICA, Medicare, and other taxes (collectively, "Employee Deductions") are funds in our possession that do not belong to the Debtor in Possession but belong to the employees.

40. Finally, I also understand that Hansaben LLC will be prohibited from reimbursing its employees for certain business-related expenses (collectively, "Employee Expenses"). Collectively, the Employee Obligations, Employee Expenses, and Employee Deductions are hereafter referred to as the "Prepetition Employee Obligations."

41. To maintain Employee morale at this critical time for Hansaben LLC and to minimize the personal hardship the Employees would suffer if Prepetition Employee Obligations are not timely satisfied (including but not limited to prepetition amounts that will be due when the first post-Petition payroll is due on June 1, 2022), I respectfully seek the Court's authority for the Debtor in Possession to honor, in its discretion, the Prepetition Employee Obligations. All of the Prepetition Employee Obligations owed are well below the priority claim limitation provided by the Bankruptcy Code.

42. The cost of losing the Employees will outweigh the cost of honoring the Prepetition Employee Obligations. If obligations are not timely honored post-petition in the ordinary course of the Debtor in Possession's business, Hansaben LLC's employees will suffer extreme hardship and may be unable to pay their daily living expenses. Likewise, it would be inequitable to require the Debtor in Possession's Employees to personally bear any business expenses that were incurred on behalf of Hansaben LLC with the expectation that they would be reimbursed. Finally, as I stated above, I believe that many will not return to work if their wages, benefits and reimbursable expenses are not covered, which will cause an enormous burden on the Hotel operations.

43.     Again, and also based on my years of experience in the operation of this Hotel, the Debtor in Possession and its creditors would be irreparably harmed if the Payroll Motion is not approved in time to allow the full payment of the employees for the pre and post-petition periods on June 1, 2022.

**Bank Account Motion**:

44.     Hansaben LLC's prepetition bank is Wells Fargo, where it maintains the one checking account (the "Account"), and the Hotel's cash management system is connected with this Account, which is used to accept and process credit card receipts. As almost all of Hansaben LLC's revenue is received via customers' use of credit cards, it would be highly disruptive to Debtor in Possession's business to close the Account.

45.     In addition, Hansaben LLC uses its Account to reconcile payments received and allows it to maintain control of and visibility into disbursements of the company, thereby efficiently monitoring the Hotel's transactions.

46.     The Account is also used to fund payments to Hansaben LLC's payroll service, including the first post-petition payroll on June 1, 2022, for which Debtor seeks approval to pay.

47.     It is not feasible for Debtor in Possession to open and fund a new account in time to fund its June 1, 2022, post-petition payroll. Given the administrative delays often encountered by Debtors seeking to open new DIP accounts, Debtor in Possession's subsequent payrolls could be interrupted or delayed as well.

48.      Finally, it is impossible to predict how quickly the large corporations that provide the ACH and similar transfers will move to redirect payments. This step is outside the Debtor in Possession's control. Closing the account immediately would almost assuredly be a financial disaster and also cause irreparable harm to the creditors and the prospects for reorganization.

**Utility Adequate Assurance Payment Motion**:

49.     The proposed "adequate assurance payment" to PG&E is $6,500. This amount is the estimated PG&E bill for electricity and gas each month on average for the period from the Petition Date through September 30, 2022. The Budget forecasts that this adequate assurance payment will be made (if one is requested by PG&E) during the week ending June 30, 2022. The

box in the Budget showing a payment of $13,000 as being paid to PG&E includes $6,500 for this adequate assurance payment and $6,500 for the first postpetition PG&E bill.

50. I believe this is a reasonable adequate assurance payment given that we are current with PG&E as of the Petition Date and based on the Budget showing sufficient funds to pay this bill each month during Chapter 11.

51. As for utility services being critical, the Hotel cannot operate without electrical service.

**Compliance with Local Rules regarding Request for Shortening Time**:

52. On May 24, 2022, Debtor in Possession's bankruptcy counsel contacted counsel via email and then had a call with bankruptcy counsel for Poppy Bank. Prithvi LLC attended also. Counsel for Poppy Bank had no objection to a hearing on the First Day Motions on less than 72 hours notice, and requested specifically that the hearing be set on Friday, May 27, 2022, because he would be on a plane on Tuesday, May 30, 2022.

I declare under penalty of perjury that the foregoing facts are true and correct, and that this declaration was executed on May 25, 2022, in San Francisco, California.

    /s/ Hitesh Patel
Hitesh Patel

# EXHIBIT A

Hansaben Investments LLC

| | Forecast Week Ending 5/27/22 | Forecast Week Ending 6/3/22 | Forecast Week Ending 6/10/22 | Forecast Week Ending 6/17/22 | Forecast Week Ending 6/24/22 | Forecast 6 Days Ending 6/30/22 | Forecast Month Ending 7/31/22 | Forecast Month Ending 8/31/22 | Forecast Month Ending 9/30/22 |
|---|---|---|---|---|---|---|---|---|---|
| **Assumptions:** | | | | | | | | | |
| Total Rooms in Hotel available/night | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 |
| Days available | 4 | 7 | 7 | 7 | 7 | 6 | 31 | 31 | 30 |
| Rooms Available in Hotel (rooms x days) | 240 | 420 | 420 | 420 | 420 | 360 | 1860 | 1860 | 1800 |
| Expected Occupancy % | 75% | 65% | 65% | 70% | 70% | 70% | 75% | 75% | 75% |
| # of Rooms rented (Total rooms available x occupancy) | 180 | 273 | 273 | 294 | 294 | 252 | 1395 | 1395 | 1350 |
| Average Price per Room/night | 120 | 110 | 110 | 110 | 110 | 110 | 110 | 110 | 105 |
| **Cash Receipts** | | | | | | | | | |
| Room Income (net of taxes and fees) | $ 21,600 | $ 30,030 | $ 30,030 | $ 32,340 | $ 32,340 | $ 27,720 | $ 153,450 | $ 153,450 | $ 141,750 |
| **Total Cash Receipts** | $ 21,600 | $ 30,030 | $ 30,030 | $ 32,340 | $ 32,340 | $ 27,720 | $ 153,450 | $ 153,450 | $ 141,750 |
| **Cash Disbursements** | | | | | | | | | |
| **Payroll & related** | | | | | | | | | |
| Wages & Taxes | - | 8,500 | - | 9,500 | - | - | 36,000 | 36,000 | 36,000 |
| Payroll Processing Expense | | 300 | - | 300 | - | - | 300 | 300 | 300 |
| Total Payroll & Related | - | 8,800 | - | 9,800 | - | - | 36,300 | 36,300 | 36,300 |
| **Operation Disbursements** | | | | | | | | | |
| Conteninital Brkfst/Evening Reception | 500 | 750 | 750 | 750 | 750 | 750 | 6,000 | 6,000 | 6,000 |
| Guest/Operating Supplies /Laundry Supplies | - | 350 | 350 | 350 | 350 | 350 | 2,800 | 2,800 | 2,800 |
| Uniforms/Linen replacements | - | - | - | - | - | 600 | 600 | 600 | 600 |
| Newspapers | 40 | 63 | 63 | 63 | 63 | 250 | 500 | 500 | 500 |
| Fire Alarm System | - | - | - | 280 | - | - | 280 | 280 | 280 |
| Security Services | | | | | | 300 | | | 300 |
| Decorations/Plants & Grounds | - | - | - | - | - | 150 | 150 | 150 | 150 |
| Pool | - | - | - | - | - | 400 | 400 | 400 | 400 |
| Pest Services | - | - | - | - | - | 335 | 335 | 335 | 335 |
| Elevator Maintenance Service | | | | | | 1,200 | 1,200 | 1,200 | 1,200 |
| Trash & Recycling Services | - | - | - | - | - | 1,200 | 1,200 | 1,200 | 1,200 |
| Water | - | 500 | - | - | - | - | 500 | 500 | 500 |
| Phones | - | - | - | - | - | 1,420 | 1,420 | 1,420 | 1,420 |
| Cable/Satellite | 669 | - | - | - | - | 900 | 1,700 | 1,700 | 1,700 |
| Energy/Utilities/PG&E Utility Deposit | - | - | - | - | - | 13,000 | 6,500 | 6,500 | 6,500 |
| Marketing | - | - | - | - | - | 500 | 500 | 500 | 500 |
| Travel Agent Commissions | - | - | - | - | - | 6,500 | 6,500 | 6,500 | 6,500 |
| Franchise Fees 9% | - | - | - | - | - | 15,665 | 13,811 | 13,811 | 12,758 |
| Merchant Fee | 756 | 1,051 | 1,051 | 1,132 | 1,132 | 970 | 5,371 | 5,371 | 4,961 |
| Computer Maintenance | - | - | - | - | - | 200 | 200 | 200 | 200 |
| | 1,965 | 2,714 | 2,214 | 2,575 | 2,295 | 44,691 | 49,966 | 49,966 | 48,804 |

Hansaben Investments LLC

| | Forecast Week Ending 5/27/22 | Forecast Week Ending 6/3/22 | Forecast Week Ending 6/10/22 | Forecast Week Ending 6/17/22 | Forecast Week Ending 6/24/22 | Forecast 6 Days Ending 6/30/22 | Forecast Month Ending 7/31/22 | Forecast Month Ending 8/31/22 | Forecast Month Ending 9/30/22 |
|---|---|---|---|---|---|---|---|---|---|
| **Annual and Semi-Annual bills - accrued for large payments** | | | | | | | | | |
| Reserve for Replacement | | | | | | 1,109 | 6,138 | 6,138 | 5,670 |
| Workers Compensation | - | - | - | - | - | 566 | 566 | 566 | 566 |
| Property Taxes | - | - | - | - | - | 5,833 | 5,833 | 5,833 | 5,833 |
| Insurance - Umbrella | - | - | - | - | - | 1,800 | 1,800 | 1,800 | 1,800 |
| | - | - | - | - | - | 9,308 | 14,338 | 14,338 | 13,870 |
| | | | | | | | | | |
| Subtotal Operational Disbursements | $ 1,965 | $ 11,514 | $ 2,214 | $ 12,375 | $ 2,295 | $ 53,999 | $ 100,604 | $ 100,604 | $ 98,973 |
| | | | | | | | | | |
| Financing & Professional Fees: | | | | | | | | | |
| Poppy Bank Loan Proposed Adequate Protection Payment | | | | | | | 20,000 | 20,000 | 20,000 |
| | - | - | - | - | - | - | 20,000 | 20,000 | 20,000 |
| Professional (Restructuring) | | | | | | | | | |
| Debtor Attorneys | | | | | | | 20,000 | 20,000 | 20,000 |
| Debtor CPA | | | | | | | 5,000 | 5,000 | 5,000 |
| Plan Experts | | | | | | | 15,000 | 10,000 | |
| | - | - | - | - | - | - | 40,000 | 35,000 | 25,000 |
| | | | | | | | | | |
| Subtotal Financing & Professional Fees | $ - | $ - | $ - | $ - | $ - | $ - | $ 60,000 | $ 55,000 | $ 45,000 |
| | | | | | | | | | |
| Total Cash Disbursements | $ 1,965 | $ 11,514 | $ 2,214 | $ 12,375 | $ 2,295 | $ 53,999 | $ 160,604 | $ 155,604 | $ 143,973 |
| | | | | | | | | | |
| Net Cash Flow | $ 19,635 | $ 18,516 | $ 27,816 | $ 19,965 | $ 30,045 | $ (26,279) | $ (7,154) | $ (2,154) | $ (2,223) |
| | | | | | | | | | |
| Cummulative Cash Flow | $ 19,635 | $ 38,151 | $ 65,967 | $ 85,932 | $ 115,978 | $ 39,689 | $ 32,535 | $ 30,381 | $ 28,158 |